DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 8225. Department One. November 16, 1909.]

NELLIE M. SCURRY et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

LOST INSTRUMENTS—EVIDENCE TO ESTABLISH—SUFFICIENCY. The proof must be clear and positive to establish the contents of a lost instrument and it is not sufficient that a witness state his recollection of its legal effect, if he cannot give even the substance of its language.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 14, 1909, in favor of the defendant, in an action to recover real property, upon condition subsequent, after a trial on the merits before the court without a jury. Affirmed.

*James Kiefer*, for appellants.

*Scott Calhoun* and *Stephen V. Carey*, for respondent.

FULLERTON, J.—On February 7, 1890, the appellants executed and delivered to the city of Seattle a deed conveying to the city a triangular tract of land, situated at the junction of Broadway and Terrace avenues. The deed, while it contained no covenants of warranty, contained no words of limitation of any kind. The city desired the property for the purpose of constructing an engine house thereon, and shortly after receiving the deed, did construct an engine house on the property and installed therein a fire engine and

[1]Reported in 104 Pac. 1129.

other fire extinguishing apparatus. The city maintained the house as a fire station until sometime in the year 1904, when it constructed a more commodious fire station some little distance away, and moved its fire extinguishing apparatus thereto, abandoning the old house as an active fire station, although still using it as a place to store old equipment, or equipment not then in active use.

This action was begun by the appellants in 1905 to recover the property from the city. In their complaint the appellants alleged that the property was conveyed to the city on the express condition that it should remain the property of the city as long, and as long only, as it should use the same as a fire station in which it kept therein for active use a steam fire engine and hose cart as part of the fire department system of the city, which conditions, it was further alleged, although not included in the deed proper, were set forth in a separate writing and delivered to the city along with the deed and as a part thereof; and that the city had abandoned the property as a fire station and ceased to use it as such. The allegations as to the conditions on which the property was conveyed to the city were put in issue by the city, and a trial had thereon, which resulted in a judgment in the city's favor.

The writing containing the conditions on which the deed was delivered could not be produced at the trial, and the appellants sought to establish its terms by parol evidence. To prove the contents of the lost instrument, there was only one witness, the husband of one of the appellants, and his memory of the language in which the agreement was stated, although he testified that he prepared it himself, was so indistinct as scarcely to rise to dignity of proof. While he stated with clearness his understanding of the legal effect of the instrument, he did not relate even the substance of the contents of the writing itself. In order to establish a lost instrument on behalf of a party asserting rights under it, the evidence must be clear and positive, and of such a char-

acter as to leave no reasonable doubt as to terms and conditions of the instrument. It is not enough that it be established that an instrument containing some form of limitation at some time existed, nor is it enough that some witness is able to state his understanding of the legal effect of the instrument; the contents of the instrument must be substantially proven, and with such clearness that the court can determine its legal effect from the language used therein.

The rule as to the proof required to establish a lost instrument was early announced by the supreme court of the United States in the following language:

"When a written contract is to be proved, not by itself, but by parol testimony, no vague, uncertain recollection concerning its stipulations ought to supply the place of the written instrument itself; the substance of the agreement ought to be proved satisfactorily; and if that cannot be done, the party is in the condition of every other suitor in court, who makes a claim which he cannot support. When parties reduce their contract to writing, the obligations and rights of each are described and limited by the instrument itself; the safety which is expected from them would be much injured if they could be established upon uncertain and vague impressions, made by a conversation antecedent to the reduction of the agreement." *Tayloe v. Riggs,* 1 Pet. 591, 7 L. Ed. 275.

. So in *Nicholson v. Tarpey,* 89 Cal. 617, 26 Pac. 1101, it was said:

"The material question was as to the language of the written contract. . . . Whether lost or not, there can be no evidence, in the absence of mistake or fraud, of the intention of the parties, other than the written instrument itself. The rights of the parties must be ascertained from its terms. (Code Civ. Proc. sec. 1856.) The code expressly provides, in case of lost instruments, for oral evidence of their *contents.* (Code Civ. Proc. secs. 1855, 1870, subd. 14.) Evidence of the character received in this case imposes upon the court the construction of the contract by the witness. In *United States v. Britton,* 2 Mason 464, Mr. Justice Story remarked: 'If no such copy exists, the contents may be

proved by parol evidence, by witnesses who have seen and read it, and can speak pointedly and clearly to its tenor and contents.' "

The supreme court of Illinois, commenting on testimony offered to prove the contents of a lost deed, uses this language:

"Fort testifies he was present when it was made; that it was read over by Jamison; that the consideration was one hundred and ten dollars; that it was for the land in dispute; but whether it was a warranty or quitclaim deed, he does not know. He professes to give no part of its contents, or even its terms, except that it was a deed for this land from Gibson to Dunn. To prove the contents of a written instrument, the vague recollections of witnesses are not sufficient to supply its place. The substance of the contract ought to be proved satisfactorily, and, if that cannot be done, the party is in the condition of every other suitor in court who has no witnesses to support his claim. When the parties reduce their contract to writing, the obligation and duties of each are described and limited by the instrument itself. The safety which is expected from them would be much impaired, if they could be established upon uncertain and vague impressions of witnesses." *Rankin v. Crow*, 19 Ill. 626.

See, also, 17 Cyc. 773 *et seq.*

Testing the evidence in the case at bar by these rules, it seems to us to fall far short of establishing the fact that the deed from the appellants to the city was accompanied with a condition to the effect that it should become void in case the city ceased to use the property therein conveyed as a fire station in which it kept and maintained for active use a steam fire engine and a hose cart, as a part of the fire department system of the city of Seattle.

The judgment appealed from will stand affirmed.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.

MORRIS, J., took no part.