## ALLEN et al. v. ALLEN et al.

Court of Appeals of Kentucky.

March 5, 1954.

Joe Hobson, Prestonsburg, Dan T. Martin, Hindman, for appellants.

Howard & Francis and J. Woodford Howard, Prestonsburg, for appellees.

CAMMACK, Justice.

This appeal is from a judgment declaring the appellees, heirs of Cora Gearheart, to be the owners of three acres of coal underlying a part of a 34 acre tract of land referred to in this case as Lot No. 9. In 1905, Joseph Gearheart and his wife, Cora, conveyed the coal under their 297.4 acres of land to the Beaver Creek Coal and Coke Company. They excepted from that conveyance three acres of coal which were specifically described in the deed. Joseph Gearheart died intestate prior to April, 1919. His wife and eight children survived him. The wife brought suit to partition the land among the heirs. The partitioning was referred to commissioners who divided the land into nine lots. The commissioners reserved all the timber 14 inches and above and three acres of coal, which had been excepted in the 1905 deed and which happened to be under Lot No. 9, to Cora Gearheart. However, they failed to specify under which three acres the coal lay. Green Gearheart drew Lot No. 9 and his deed failed to recite that the three acres of coal had been reserved to Cora Gearheart. Green started mining operations shortly after he received his deed. The other heirs objected to his mining the coal, claiming that three acres of it belonged to Cora Gearheart. Green said he then made a deed to Cora and took a lease on the coal. The deed was never recorded because it was said to have been lost in a flood. However, the lease was recorded. Subsequently, Cora brought suit to have cancelled the lease made to Green upon the ground that he had obtained it fraudulently. In his answer, Green said, "Cora may own the

coal, but I did not procure the lease by fraud." The record in that case bears the notation "Settled", but this record does not reveal the basis of that settlement.

In 1921, Green Gearheart conveyed Lot No. 9 to Worley and Sage Reed. The deed contained a provision stating that the coal had been sold and conveyed. In 1925, Worley Reed conveyed his interest in Lot No. 9 to Sage Reed. This deed did not contain a provision stating that the coal had been conveyed. In 1931, Sage Reed conveyed to the appellants, James and Mollie Allen, 15 acres of Lot No. 9 which included the land covering the three acres of coal which had been excepted in the 1905 deed. Cora Gearheart died intestate in 1945. After her death James Allen began mining coal under his 15 acre tract. The heirs of Cora Gearheart then brought this suit, claiming that each of them was entitled to a one-eighth share of the three acres of coal.

■ The appellants claim that Cora Gearheart never owned the three acres of coal because there is no record proof of the alleged transactions between her and Green Gearheart. In support of this contention they rely upon the case of Scurry v. City of Seattle, 56 Wash. 1, 104 P. 1129, 134 Am.St.Rep. 1092. The case before us, however, is distinguishable from the Washington case because Green Gearheart testified positively that he executed a deed to Cora Gearheart which was later lost. There is ample evidence to support the finding by the chancellor that title to the three acres of coal in dispute was in Cora Gearheart. Furthermore, the fact that later he leased the coal from Cora is evidence that he recognized her ownership. Likewise we fail to see how it can be contended seriously that any claim to the disputed coal could be based upon the transactions in which Worley and Sage Reed were involved. In view of what has been said, it was unnecessary to describe in their deed the exception covering the three acres of coal.

■ The appellants contend also that, since their 15 acre tract was fenced when they bought it, and which they have held to a well-defined boundary, they are now entitled to all of it by adverse possession. This contention overlooks the fact that there had been a severance of the mineral rights from the surface rights. A surface owner can not obtain mineral rights by adverse possession unless there is some hostile act done by him in which he exerts dominion over the mineral rights. Piney Oil & Gas Co. v. Scott, 258 Ky. 51, 79 S. W.2d 394. In this case there was no hostile act on the part of the appellants which was sufficient to show dominion over the three acres of coal in dispute.

Judgment affirmed.