396 P.2d 626

**Gordon L. WEIGHT, Plaintiff and Respondent,**

v.

**Harry B. MILLER, and Harry B. Miller, d/b/a Lorraine Press, Defendant and Appellant.**

**No. 10037.**

Supreme Court of Utah.

Nov. 13, 1964.

---

12. See statement in Wood v. Budge, 13 Utah 2d 359, 362, 374 P.2d 516.

Merrill K. Davis, Salt Lake City, for appellant.

Layne B. Forbes, Bountiful, for respondent.

CROCKETT, Justice.

Gordon L. Weight sued on a promissory note for $1,200 executed by defendant. Harry B. Miller. Upon conflicting evidence as to disputed issues of fact, the trial court found for plaintiff and awarded judgment for the face of the note, interest, and attorney's fees. Defendant appeals.

Defendant does not deny the execution of the note. His contention is that it arose out of and was an integral part of a contract by which plaintiff was to advance

some capital and work for the defendant in the latter's business, known as Lorraine Press; and that the note was to paid in stock of that company rather than in cash.

The contract of employment referred to was entered into as of October 1, 1959. It recited an arrangement by which the plaintiff would buy an interest in the defendant's business, and incidentally a job for himself working there, for which he was to pay the sum of $5,000. In consideration of this, the defendant was to form a corporation of his business and the assets thereof within one year and convey $5,000 worth of stock to the plaintiff, plus additional stock equivalent to eight per cent interest, and employ plaintiff in the enterprise.

The plaintiff mortgaged his car and raised $1,200 which he turned over to the defendant and began working as a salesman. The parties did not get along well, and in December, 1959, plaintiff withdrew from participation. Pursuant to some discussions, the parties agreed to discontinue their relationship, and plaintiff demanded his money back. On January 2, 1960, the defendant executed the promissory note in question. Upon plaintiff's request for interest from the time he had advanced the money, the note was dated back to September 1, 1959, and initialed by the defendant.

There are several considerations bearing upon the problem here presented which tend to uphold the correctness of the trial court's findings. The first is that wherever there are negotiations between parties and they thereafter execute a writing in regard to it, it is generally to be presumed that it represents the settlement of their respective claims.[1] This is especially true when there has been disagreement and disputation between them. The second is that when a promissory note recites that it is to be paid in money, it is to be assumed that the parties intend it to be paid in that medium, unless it is clearly shown to the contrary. This is but a specific variant of the general rule that it requires clear and convincing evidence to show that a written instrument is other than it purports to be on its face.[2]

Whether the defendant had met his burden of proof[3] just referred to was

1. See State Bank of Sevier v. Am. Cement & Plaster Co., 80 Utah 250, 10 P.2d 1065; Mawhinney v. Jensen, 120 Utah 142, 232 P.2d 769.

2. See Paulsen v. Coombs, 123 Utah 49, 253 P.2d 621; Prudential Fed. Savings & Loan Ass'n v. Hartford Accident & Indemnity, 7 Utah 2d 366, 325 P.2d 899.

3. As to burden of proof of affirmative defense, see Kidman v. White, 14 Utah 2d 142, 378 P.2d 898; Page v. Federal Security Ins. Co., 8 Utah 2d 226, 332 P.2d 666.

for the trial court to determine. Corollary thereto is his prerogative of judging the credibility of the witnesses.[4] Without detailing the testimony, it is sufficient to say that these parties gave conflicting evidence on the critical issues in dispute. Inasmuch as there is substantial evidence to support the findings and judgment, they cannot properly be disturbed.

Affirmed. Costs to plaintiff (respondent).

McDONOUGH, CALLISTER, and WADE, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I respectfully dissent. The record shows pleadings based on a legal action involving a promissory note only. The note appears to have been executed as a part of a general agreement for a business venture. There was no request for nor an amendment to the pleadings. The lower court based its judgment on the equity theory of rescission, with no one inviting such a conclusion. If this conclusion were justified, the court should have gone all the way and ordered the plaintiff, in equity, to return the money he received from Miller for services, which was not due, if the contract were rendered void, as was done by the trial court.

4. See Child v. Child, 8 Utah 2d 261, 332 P.2d 981.