438 P.2d 808

Frank RIGGLE and Geneva H. Riggle, his wife, Plaintiffs and Respondents,

v.

DAINES MANUFACTURING COMPANY, Defendant and Appellant.

No. 10948.

Supreme Court of Utah.

March 20, 1968.

J. Grant Iverson, of Moffat, Iverson & Taylor, Salt Lake City, for appellant.

Irving H. Biele, and W. Jeffery Fillmore, of Biele, Jones & Murphy, Salt Lake City, for respondents.

TUCKETT, Justice:

The trial court, pursuant to a motion by the plaintiffs, granted a summary judgment against the defendant on a promissory note.

Prior to the incorporation of the defendant corporation on January 18, 1955, R. D.

Daines, R. M. Daines and J. Norman Daines were doing business as a partnership in the manufacture and sale of store appliances. The partnership borrowed $10,000 from the plaintiffs for which the partnership gave a promissory note in the amount of $10,000, which note provided for interest at the rate of 6% per annum. As an additional compensation for the loan the defendant states that the partnership entered into an employment contract with the plaintiff, Frank Riggle, under the terms of which Riggle was to be employed by the partnership for a period of five years at a salary of $1800 per annum. The terms of the employment contract obligated Riggle to perform services as a business and engineering consultant for the partnership. Defendant claims Riggle lacked qualifications to render such services. In January of 1955, the members of the partnership organized the defendant corporation for the purpose of carrying on the business. After its incorporation the defendant assumed the obligations of the partnership, including the note and the employment contract.

The defendant corporation by its affidavit filed in opposition to the motion of the plaintiffs for a summary judgment sets out that the employment contract was entered into as an inducement to the plaintiffs to make the loan and that it was not intended that Frank Riggle perform any services for the partnership, and that

Riggle did not in fact render any services for the partnership or the corporation after it came into existence. Defendant further claims by its pleading and affidavit that the employment contract was simply a device to avoid the usury laws.

After the defendant corporation was organized it was discovered that the employment contract had been lost. A new contract was entered into between Frank Riggle and the corporation which obligated the corporation to make the same salary payments as were provided for by the first contract. After the corporation became delinquent in the payment of salary under the contract, it delivered to the plaintiffs its note in the amount of the delinquency. It is the latter note which is the subject of this action. The defendant urges that it is entitled to make its defense of lack or failure of consideration inasmuch as the facts will show that it was not intended that Frank Riggle would perform services for the corporation, or its predecessor, the partnership, and that in fact no services have been rendered pursuant to the contract. It is further claimed by the defendant that the obligation herein sued upon is illegal, as it arose out of the first loan made by the plaintiffs to the partnership which was usurious and that the subsequent agreement and note were tainted with usury and illegality.[1]

1. Fidelity Security Corp. v. Brugman, 137 Or. 38, 1 P.2d 131, 75 A.L.R. 1333.

We are of the opinion that the defenses of lack of consideration and illegality of the obligation herein sued upon are genuine issues of fact which the defendant is entitled to a trial thereon. The decision of the court below is reversed and the matter is remanded to that court for further proceedings. Costs to the defendant.

HENRIOD and ELLETT, JJ., concur.

CROCKETT, Chief Justice (dissenting):

This suit is for a balance of $344 on a $1050 note which had been given by the defendant corporation for salary claimed by the plaintiff, and upon which the defendant had paid $700. When suit was brought defendant attempted to trace back through two antecedent transactions to resurrect a defense of usury, which, if it existed, should have been asserted long before. The positions taken by the parties to this controversy are shown by their respective depositions. The trial court was sufficiently apprised of the facts and I think was patently correct in granting judgment for the plaintiff.

In the original transaction in July 1954 the plaintiff Riggles loaned to the Daineses, a *partnership,* $10,000 and took a note bearing a lawful rate of interest. It is claimed that a collateral agreement to employ the plaintiff at $1800 per year for five years was in fact a subterfuge to exact a usurious rate of interest. If this be so, it would have been from a different party, the *partnership,* and in a different transaction, than that involved in this case wherein the plaintiff sues the defendant *corporation* on the $1050 note which the latter gave in a subsequent transaction. Therefore, accepting the fact that there is an unresolved dispute on the question of usury in the original transaction, its resolution could not affect the determination of the issues in this case.

The first proposition which argues against overturning the decision of the trial court is this: The defense of usury, unless it appears upon the face of the written document, is generally held to be a defense personal to and assertable by the debtor, and not by a third party, as is the defendant *corporation* here.[1] Typical is the statement of the court in Greenberg v. Manganese Products,[2] in which the court stated:

The rule is that a bonus paid by a stranger to a contract for his own purposes or reasons, to induce the making of such contract by the lender, does not make the contract usurious. * * * [as between the lender and debtor]

It may be conceded that the rulings in the cases just referred to should be con-

1. See Rospigliosi v. Glenallen Mining Co., 69 Utah 41, 48–49, 252 P. 276 (1926); and Martyn v. Leslie, 137 Cal.App.2d 41, 290 P.2d 58, 66 (1955).

2. Greenberg v. Manganese Products, 39 Wash.2d 794, 238 P.2d 1194, 1196.

fined to their particular fact situations, and that the true test should be whether in given circumstances usury was or was not exacted from the borrower by the lender. Nevertheless, in the instant case, as will be seen from the undisputed facts set out below, there is no basis upon which it can be concluded that the plaintiff Riggles exacted any usurious interest from the defendant Daines Manufacturing Co., Inc., a *corporation.*

These facts are significant: It was in January 1965, that the partnership ceased to exist and the defendant corporation came into being. The trial court found, and the fact is incontestable, that the plaintiff has not accepted the corporation as the obligor on the $10,000 note. It was six months after the corporation came into existence, and a year after the original loan had been made to the partnership, that the *corporation,* which was *not a party to the original transaction,* and which was not under any compulsion to do so, *voluntarily* executed a contract to hire the plaintiff Riggle to act as a business and engineering consultant for $1800 a year for four more years. If it was claimed that there was any defense because of usury or other impropriety in the original transaction with the partnership, this was the time to assert it. In any event it seems unmistakably clear that the voluntary execution of that contract by the corporation at that late date could have had nothing to do with persuading the plaintiff to make the original loan and that it could not have exacted any usury from the defendant corporation.

There is yet a further proposition which argues even more persuasively against allowing the defendant corporation to now raise as a defense to the note herein sued on the claim that there was usury in the original transaction with the partnership. After the corporation voluntarily executed the contract above referred to, it proceeded to make payments thereon for a period of two years, until in August of 1957, when it had become seven months delinquent in salary payments, amounting to $1050. Here again, if it had any defense of usury, it should have said so. At that juncture it was agreed between the corporation and the plaintiff that the plaintiff would forego the remaining 35 months of the employment contract, and that the corporation would execute a note for the amount of the delinquency and pay him in monthly installments. But the note was executed and the defendant corporation continued to make payments until the balance was reduced to about $350, which is the subject of this action.

Regardless of what may be thought of the antecedents to this latter transaction, or what the mutual rights and obligations of the parties were of that date, they should be regarded as being settled and merged by the giving of the note and the cancellation

of the remainder of the contract, which are certainly adequate consideration for each other. When such a settlement has been arrived at, that should conclude the matter.[3] If upon default of one of the parties to a settlement the whole original controversy can be revived, the efficacy of compromise and settlement will be destroyed and the beneficial effects will be lost.

For the foregoing reasons I think the judgment should be affirmed.

CALLISTER, J., concurs in the dissenting opinion of CROCKETT, C. J.

3. That execution of a contract merges prior agreements and negotiations on same subject, see Weight v. Miller, 16 Utah 2d 112, 396 P.2d 626; 17A C.J.S. Contracts § 445 et seq.