463 P.2d 1

Frank RIGGLE and Geneva H. Riggle, his wife, Plaintiffs and Respondents,

v.

DAINES MANUFACTURING COMPANY, a partnership, D. R. Daines, R. M. Daines and J. Norman Daines, Defendants and Appellants.

No. 11629.

Supreme Court of Utah.

Dec. 23, 1969.

2. State v. Martin, 49 Utah 346, 164 P. 500.

Richard J. O'Rourke, and L. Delos Daines, Salt Lake City, for defendants-appellants.

Biele, Jones & Murphy, and W. Jeffery Fillmore, Salt Lake City, for plaintiffs-respondents.

CROCKETT, Chief Justice.

The plaintiffs Riggle sued the Daineses, a partnership, for the balance due on a promissory note in the amount of $10,000 which was to be repaid over a period of five years and with 6 per cent interest.[1] The facts that the defendants received the money, that they duly signed and executed the note, and that the balance remains unpaid are not in question. The defense asserted was: that there was a separate collateral contract (which has now been lost) by the terms of which the plaintiff Frank Riggle was to render to defendants certain services as a business and engineering consultant at a salary of $150 per month; that it was not really for that purpose, but was subterfuge to exact additional compensation for the loan; and that it thus had the effect of exacting excessive interest on the loan and so tainted the transaction with usury as to make the note uncollectible. After a plenary trial of the issues, the trial court rejected defendant's contention of usury and rendered judgment for the plaintiffs in accordance with the terms of the note. Defendants appeal.

At the time of making the original loan the defendants Daines were doing business as a partnership in the manufacture and sale of store equipment. The defendants themselves aver in their brief that "they were in serious financial circumstances, were under-financed and limited to short-term loans, and were unable to borrow money with which to pay their current obligations, which were approximately $10,-000." Riggle rejected an offer to purchase stock in a corporation to be formed, but did arrange to advance defendants the $10,000 and take the promissory note.

1. This is a sequel to Riggle v. Daines Mfg. Co., 20 Utah 2d 391, 438 P.2d 808 (1968).

**330**

There are some basic propositions which stand as obstacles to the defendants' attack upon the findings and judgment. Where the loan arrangement was fair on its face the burden of proof was on the defendants to establish their defense of usury.[2] Inasmuch as this would require overcoming the terms of a written instrument, it would have to be done by clear and convincing evidence;[3] and this is also true as to proving the claimed written contract of employment which they assert is lost.[4] The trial judge remained unconvinced and found against defendants on each of those propositions.

The defendants recognize that the testimony of plaintiff Frank Riggle is against them but argue in their brief that although "The testimony of a witness * * is ordinarily regarded as sufficient to compel affirmance * * * it is not necessarily so under all circumstances. If the evidence in the light of attendant circumstances and countervailing testimony, * *

[it is] * * * clearly and palpably unreasonable * * * it must be rejected as a matter of law * * * This is particularly so where the testimony in question was that of a witness who had a vital personal interest in the controversy." [5] It is difficult to appreciate the merit of that argument in this case when the "countervailing" testimony is that of the defendants, particularly that of D. R. Daines, who are equally as interested as the plaintiff. Since the testimony of the parties was in direct conflict, it was the prerogative of the trial court to choose whom he would believe. There being substantial evidence to support his findings, his judgment that the defendants should repay the money they obtained from the plaintiffs in accordance with the terms of the note cannot properly be disturbed.[6]

Affirmed. Costs to plaintiffs (respondents).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

2. See Brown v. Johnson, 43 Utah 1, 134 P. 590, 46 L.R.A.,N.S., 1157; Rospigliosi v. Glenallen Mining Co., 69 Utah 41, 48 and 49, 252 P. 276 (1926); Martyn v. Leslie, 137 Cal.App.2d 41, 290 P.2d 58, 66 (1955); 25 Am.Jur. 437.
3. See Greener v. Greener, 116 Utah 571, 212 P.2d 194 (1949); and Northcrest, Inc. v. Walker Bank & Trust Co., 122 Utah 268, 248 P.2d 692 (1952).
4. As to proof of lost documents see Sec. 78-25-16, U.C.A.1953; see Scurry v. Seattle, 56 Wash. 1, 104 P. 1129, 134 Am. St.Rep. 1092 (1909); and IV Wigmore on Evidence, p. 342.
5. Quoted from Seybold v. Union Pacific Railroad Co., 121 Utah 61, 239 P.2d 174 (1951).
6. See Winger v. Gem State Mutual of Utah 2d 132, 449 P.2d 982.