**Fred KOESLING, Plaintiff and Appellant,**

v.

**James BASAMAKIS, Defendant and Respondent.**

**No. 13906.**

Supreme Court of Utah.

Aug. 26, 1975.

Gaylen S. Young, Spafford & Young, Salt Lake City, for plaintiff and appellant.

Gayle Dean Hunt, Salt Lake City, for defendant and respondent.

STEWART M. HANSON, Jr., District Judge:

Plaintiff appeals from a judgment in favor of defendant claiming that (1) the trial court as trier of fact erred in failing to find the existence of a partnership between the parties and that (2) it further erred in disbelieving the testimony of the plaintiff.

Plaintiff asserted at trial that the parties were partners in the laundry and dry

cleaning portion of a tailoring-hat cleaning-shoe shine establishment operated separately [1] but at the same location by the parties, and that as a partner plaintiff was entitled to pro rata reimbursement for certain expenses incurred in the laundry and dry cleaning operations.

The trial court, after two days of trial at which the testimony of the parties was in direct conflict, found that there was no partnership with respect to laundry or dry cleaning activities; that each party, to the extent they both did some laundry or dry cleaning work, did so as a part of his own individual and separate business; and that the parties were joint venturers to the extent of sharing the cost of renting and maintaining the business premises. As a consequence of those findings, the trial court further found that after allowing certain credits relating to expenses incurred in connection with the business premises, defendant was entitled to a judgment for the difference between the credits and amounts defendant had advanced to the joint venture.

Plaintiff's first point on appeal has two aspects: That a presumption arose requiring the finding of the existence of a partnership; and that the determination that there was a joint venture is inconsistent with the determination that there was no partnership.

 Plaintiff argues that since some of the profits from the laundry and dry cleaning business were divided between the parties, there is inference or presumption that the parties were partners, and indeed that was the holding of this court in *Kimball v. McCornick*.[2] But this argument

overlooks the rule that where a share of the profits of the business is received in payment of an antecedent debt or as reimbursement for cash advanced, no such inference can be drawn in aid of a *prima facie* showing of a partnership.[3] The trial court found that receipt by defendant of a share of the profits from the laundry and dry cleaning operation constituted partial reimbursement for amounts expended by defendant in connection with the business premises and therefore the fact which would have given rise to a presumption of partnership failed to materialize, and plaintiff was required to go forward with his evidence without the aid of the presumption.[4] Whether plaintiff met this burden is inconsequential because, as more fully set forth hereinafter, he not only had the burden of producing evidence but of persuading the trier of fact by a preponderance of the evidence.

 The trial court's determination that there was no partnership in the operation of the business while at the same time finding that the parties were joint venturers in sharing the cost of the premises is not inconsistent as the plaintiff seems to suggest. Frequently, separate business entities are housed at a common location with each entity sharing the cost of the space. Moreover, while partnerships and joint ventures share many elements in common, they are not equivalent concepts. A joint venture, in the strict legal sense, describes a single business venture or transaction, while a partnership refers to a continuing business relationship or association which extends beyond a single transaction or venture and may include the innumerable transactions

---

1. Prior to the establishment of the common business location plaintiff was engaged solely in tailoring with some related dry cleaning at one location, and defendant was engaged in a shoe shine and hat cleaning business at another.

2. 70 Utah 189, 259 P. 313 (1927).

3. Utah Uniform Partnership Act, Section 48–1–4(3) and (4)(a), Utah Code Annotated 1953.

4. Had the presumption arisen, its effect would have been to shift the burden of producing evidence of the nonexistence of the presumed fact to the defendant since the facts from which the presumption is derived have probative value as evidence of the existence of the presumed fact. Rule 14, Utah Rules of Evidence, 1971.

or ventures typical of an ongoing business.[5] Thus, while the parties here were not partners in the operation of their respective businesses, and in the multifaceted daily transactions and ventures incident thereto, they were joint venturers in the single venture of sharing the cost of renting and maintaining a common location.

Plaintiff's first point on appeal is without merit.

Plaintiff's second point on appeal, that the trial court was somehow compelled to believe plaintiff's evidence and disregard defendant's evidence, is likewise without merit.

As previously noted, the evidence of the parties was in sharp disagreement. It, therefore, became the duty of the trier of fact to determine which of two contrary propositions was to be afforded the greater weight.

 The proponent of a proposition has two burdens relative to his proof: to *produce* evidence which proves or tends to prove the proposition asserted; and to *persuade* the trier of fact that his evidence is more credible or entitled to the greater weight.[6] Once the proponent has produced such evidence, the burden of producing evidence disproving or tending to disprove the proposition shifts to the opponent, and he must introduce such evidence as may be necessary to avoid the risk of a directed verdict or a peremptory finding against him as to the existence of the proposition.[7]

 The burden of persuasion does not shift, however, and remains upon the party asserting the proposition. Thus, where, as here, the proponent has the burden of persuading the trier of fact by a preponderance of the evidence, that is, that the asserted proposition is more likely than not, he carries that burden throughout the trial. Having adduced sufficient evidence to show or tending to show the existence of the proposition, and having thus met his burden of production, he nevertheless suffers the risk of nonpersuasion or disbelief.

 Plaintiff produced evidence tending to prove the existence of a partnership. Defendant produced opposing evidence and further produced evidence which tended to prove a joint venture of the nature heretofore described. The trial court, exercising its prerogative as a trier of fact in a nonjury case, weighed the credibility of the witnesses, and was not persuaded by plaintiff's evidence. This court will not disturb such a determination when reasonable men could differ as to the weight to be given to conflicting evidence.[8]

The judgment is affirmed.

HENRIOD, C. J., and CROCKETT, ELLETT and TUCKETT, JJ., concur.

MAUGHAN, J., having disqualified himself, did not participate herein.

5. *Ellingson v. Sloan*, 22 Ariz.App. 383, 527 P.2d 1100 (1974); *Wilson v. Bogert*, 81 Idaho 535, 347 P.2d 341 (1959).

6. Rule 1(4) and (5), Utah Rules of Evidence, 1971.

7. Rule 1(5), Utah Rules of Evidence, 1971.

8. *Riggle v. Daines Mfg. Co.*, 23 Utah 2d 328, 463 P.2d 1 (1969).