**Harris L. KIMBALL, Plaintiff-Appellant,**

v.

**The FLORIDA BAR et al.,
Defendants-Appellees.**

**No. 75–1005.**

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1976.

1306

Louis M. Jepeway, Jr., Stephen Cahen, Am. Civ. Liberties U. of Fla., Miami, Fla., Jeremiah S. Gutman, Am. Civ. Liberties U. Foundation, New York City, for plaintiff-appellant.

Darrey A. Davis, Charles A. Kimbrell, William M. Hoeveler, Miami, Fla., for defendants-appellees.

Before RIVES, GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellant, who was disbarred in 1957 for engaging in a homosexual act on a public beach, *State v. Kimball,* 96 So.2d 825 (Fla. 1957),[1] challenges the lower court's stay based on abstention in his suit under 42 U.S.C. § 1983 (1970), against the State Bar of Florida. Below he attacked the constitutionality[2] of his disbarment and of rule 11.02(3) of article XI of the integration rule of the Florida Bar, which provides that an attorney may be disciplined for any act contrary to "good morals." In the court below, appellant sought declarations that

his disbarment was unconstitutional and that rule 11.02(3) is unconstitutional, as well as an injunction preventing the Bar from engaging in future harassment and interference with his constitutional rights. Finding that the lower court's abstention was improper, we vacate the stay and remand.

The lower court abstained by invoking the unclear-state-law branch of the abstention doctrine, *cf. Harman v. Forssenius,* 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965), on the ground that Florida courts had not recently construed rule 11.02(3) as it applied to homosexuals. The general rule is that a court should abstain only if state law is fairly subject to an interpretation that will render unnecessary or substantially modify the federal question. *Kusper v. Pontikes,* 414 U.S. 51, 54–55, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973); *Harman v. Forssenius,* 380 U.S. 528, 535, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). But in 1957, the Florida Supreme Court spoke clearly, and decisively on the issue raised here by disbarring appellant, and recent cases only reinforce the view that under Florida law an attorney can be disbarred for immoral conduct unrelated to the practice of law. *See Florida Bar v. Kay,* 232 So.2d 378 (Fla.1970) (disbarment based on defendant's conviction for indecent exposure in a public lavatory, which violated a city ordinance; unclear if decision is based on rule 11.02(3)(a) or (3)(b)); *Florida Bar v. Hefty,* 213 So.2d 422 (Fla.1968) (disbarment based on defendant's sexual misconduct with his ten-year-old stepdaughter). Thus, the abstention was improper.

One question not raised on appeal is whether either the Florida Supreme Court or its members are "indispensable parties" under Rule 19(b), Fed.R.Civ.P.,[3] and must be joined or the action dismissed.[4]

---

1. He was subsequently admitted to and is presently a member in good standing of the Illinois and New York bars.

2. On due process, vagueness, overbreadth, privacy, and equal protection grounds. The constitutional issues were not raised in his 1957 suit.

3. If, of course, the court first finds that they are necessary parties under Rule 19(a) who should be joined if feasible.

4. One factor in this determination is "whether a judgment rendered in the [missing] person's absence will be adequate." We note in this regard that appellant here seeks primarily a

A party does not waive the defense of failure to join an indispensable party by neglecting to raise it; an objection can be raised at any time even by a reviewing court on its own motion, *see Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 109–12, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Boles v. Greeneville Housing Authority,* 468 F.2d 476, 479 (6th Cir. 1972) (Tuttle, J.); *Haby v. Standard Oil & Gas Co.,* 225 F.2d 723, 724 (5th Cir. 1955); 7 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1609, at 88–94 (1972). In the absence of an indispensable party, the federal courts are no more empowered to render a declaratory judgment than we would be to give affirmative relief. We could not resolve this issue without additional briefs examining each of the factors enumerated in Rule 19, and we would have to remand in any case if we held for appellee on this issue. Therefore, we think it appropriate to remand in the first instance so that before reaching the other issues[5] raised the district court can determine whether the supreme court or its members can or should have been joined under the provisions of Rule. 19.

REVERSED AND REMANDED.

declaration that his disbarment was unconstitutional and that while the Bar did recommend the disbarment, under the Florida Constitution only the state supreme court can admit, disbar, or reinstate attorneys. *Florida Bar v. Abramson,* 199 So.2d 457, 460 (Fla.1967); *In re Harper,* 84 So.2d 700, 706 (Fla.1956).

5. Except for appellant's claim that the lower court improperly refused to convene a three-judge court. Since appellant requested only declaratory relief on all claims concerning the enforcement of state law, no three-judge court is necessary. *Sands v. Wainwright,* 491 F.2d 417, 422 (5th Cir. 1973) (en banc) (Goldberg, J.).