Archie NIELSON and Sylvia W. Nielson, his wife, Plaintiffs and Appellants,

v.

C. A. RASMUSSEN et al., Defendants, Third-Party Plaintiffs and Respondents,

v.

Bert CARTER and Blanch G. Carte, his wife, Third-Party Defendants and Respondents.

No. 14376.

Supreme Court of Utah.

Dec. 21, 1976.

S. Rex Lewis, Provo, for plaintiffs-appellants.

John P. Ashton, Salt Lake City, for Rasmussen.

M. Doyle Jeffs, Provo, for Carter.

WILKINS, Justice:

This is an action by Plaintiffs Archie Nielson and Sylvia W. Nielson, his wife, (herein plaintiffs) to impose a constructive trust upon certain property purchased from plaintiffs by Third-Party Defendants Bert Carter and Blanch G. Carter, his wife (herein defendants). Plaintiffs claim that defendants agreed to hold from said property purchased from plaintiffs four building lots in trust and for the benefit of defendants and Third-Party Plaintiffs C. A. Rasmussen, C. Wesley Rasmussen and Bernice C. Rasmussen, his wife (herein Rasmussens). Parties hereafter will be referred to as indicated as the legal processes, which began in 1966, have transformed these parties into the positions herein designated, notwithstanding their original positions as reflected by the caption in this case, which was tried before the district court without a jury in September, 1975.

A decision was rendered by said court in favor of defendants and against the plaintiffs, no cause of action. Plaintiffs subsequently objected to the findings of fact and conclusions of law of the district court, and made a motion to make additional findings as well as a motion for a new trial. The objection and motions were denied and plaintiffs appealed from these rulings and decision.

The issue in this case is whether a constructive trust should be imposed upon part of the property purchased by defendants from plaintiffs for the benefit of the Rasmussens. In this case, we hold no constructive trust was created.

This action originally involved a dispute between plaintiffs and the Rasmussens over the construction of a residence built by the Rasmussens for plaintiffs. Subsequently the defendants were joined as third-party defendants. On May 18, 1966, plaintiffs by written agreement sold to the defendants approximately fifteen acres of undeveloped land, which included the four building lots involved here, giving a warranty deed therefor. On April 12, 1967, plaintiffs and the Rasmussens entered into a settlement agreement concerning their dispute which included a provision to have transferred to the Rasmussens these four building lots. Defendants were not parties to this settlement agreement.

The trial court found that the defendants did not hold the four building lots in trust for the Rasmussens by any agreement; that the relationship between plaintiffs and defendants was that of seller and buyer of real estate without prior dealings; that no confidential relationship existed between plaintiffs and defendants; that the evidence was insufficient to establish any fraud, duress or undue influence at the time of execution of the agreement dated May 18, 1966; and that the evidence was insufficient to establish any mistake or other ground for reformation or recission of this May 18, 1966 agreement.

Plaintiffs contend that *Haws v. Jensen* and *Kesler v. Rogers*[1] state the law concerning the imposing of a constructive trust on land conveyed in appropriate cases. *Haws v. Jensen* states:

. . . under certain circumstances existing at the time of conveyance in trust is made, no writing evidencing an intent to create a trust is required. In those instances, equity will impress a constructive trust upon the property in favor of the person or persons designated by the grantor as the beneficiary or beneficiaries of the oral trust. A constructive trust, being an equitable remedy to prevent unjust enrichment, arises by operation of law and is not within the statute of frauds.

We, of course, agree that under certain circumstances that equity will impress a constructive trust upon property. But the district court in this case did not factually find those "certain circumstances" to exist by clear and convincing evidence, which is requisite.[2] The district court did receive parol evidence probative of the issue of a constructive trust, which evidence courts must scrutinize with great caution.[3]

Said court found against the creation of such a trust, and this court will not disturb the trial court in its findings unless we say as a matter of law that no one could reasonably find as that trial court did.[4]

The "certain circumstances" which the trial court, by the burden of proof just mentioned, would have had to find were that the defendants at the time of the transfer of property to them by plaintiffs on May 18, 1966 orally agreed to hold said lots for Rasmussens and were in a confidential relationship to the plaintiffs.[5]

Plaintiffs contend that at the trial below the evidence clearly established (1) that the defendants purchased the property and orally agreed that they would convey the four building lots to the Rasmussens and (2) that a relationship of confidence existed between the plaintiffs and defendants.

A review of this record and transcript do not sustain plaintiffs' position,

1. *Haws v. Jensen*, 116 Utah 212, 209 P.2d 229 (1949) ; *Kesler v. Rogers*, 542 P.2d 354 (Utah 1975).

2. *Jewell v. Horner*, 12 Utah 2d 328, 366 P.2d 594 (1961) ; *Chambers v. Emery*, 13 Utah 374, 45 P. 192 (1896).

3. *Chambers v. Emery*, supra.

4. In *Paulsen et al. v. Coombs et ux.*, 123 Utah 49, 253 P.2d 621 (1953).

5. Restatement, Second, Trust, Sec. 45(b) (1959).

**514**

which as heretofore stated must be proved by clear and convincing evidence. As in most trials, testimony of witnesses is conflicting, credibility of those witnesses varies, non-testimonial evidence may strengthen or weaken the witnesses' testimonies, and inferences from all of the foregoing may not be uniform among different triers of fact. But, also as stated before, the trial court's findings will not be disturbed unless the record shows abuse. In this matter, it does not.

█ █ Plaintiffs emphasize that a confidential relationship existed between them and defendants because evidence at the trial showed that plaintiffs trusted defendants as particularly vivified by the provision in the agreement between them dated May 18, 1966 which stated in substance that plaintiffs would convey title to the property to defendants prior to payment of the full purchase price as plaintiffs had trust and confidence in defendants. The full purchase price of $19,100.00 was finally paid in 1972 and *acknowledged by plaintiffs*. It is true that defendant Bert Carter at trial conceded that he withheld payment of $1,900.00 but contended that was done to protect defendants from the "feuding" between plaintiffs and Rasmussens. It is not an unattached trust that a transferor places in the transferee which produces a constructive trust but rather that trust anchored to a family or personal relationship (or of course another confidential or fiduciary nexus) which justifies a belief in the transferor that the transferee will act in his interest.

The trial court's findings and decision are in harmony with Utah law regarding constructive trusts.[6]

Affirmed. Costs to defendants.

HENROID, C. J., and ELLETT, CROCKETT, and MAUGHAN, JJ., concur.

---

6. *Haws v. Jensen,* supra (transfer by mother to daughter) ; *Jewell v. Hornor,* supra (transfer by father to daughter, but trust denied for other reasons) ; *Hawkins v. Perry,* 123 Utah 16, 253 P.2d 372 (1953) (transfer by 16 year old boy to adult, his uncle and minister of the gospel).