**R. M. S. CORPORATION, dba Gan Roofing Supply, Plaintiff and Respondent,**

v.

**Ross BALDWIN, Defendant and Appellant.**

No. 15244.

Supreme Court of Utah.

March 9, 1978.

---

8. U.C.A.1953, 78–32–1(12).

9. Art. VIII, Sec. 7.

Don Blackham of Blackham & Boley, Granger, for defendant and appellant.

Richard L. Maxfield, Provo, for plaintiff and respondent.

ELLETT, Chief Justice:

The respondent, as plaintiff below, sued Mr. Baldwin on a check he had given in payment of a debt owed to R. M. S. The account was carried on respondent's books in the name of "Exterior Builders." Exterior Builders is an assumed name under which Rossco Enterprises, Inc., a corporation of Utah, does business.

The officers of respondent testified that they knew Mr. Baldwin and thought he was the one who did business under the name of Exterior Builders. They advanced credit to him and knew nothing about Rossco Enterprises, Inc.

Evidence was given that certain officers and employees of respondent had formerly worked for another company which dealt with Mr. Baldwin and knew or should have known that the entity, Exterior Builders, was the assumed name of Rossco Enterprises, Inc. The conflict in the evidence was properly resolved by the trial court, sitting without a jury, as follows:

That the defendant is personally liable to the plaintiff in the sum of $1,936.68 together with interest thereon for goods and material delivered to the defendant on or prior to October 10, 1975.

That the defendant is estopped to assert that plaintiff was doing business with a corporate entity.

The check given in final payment of the account was not good and would not clear the bank on which it was drawn. It was signed by Ross Baldwin with the words "Exterior Builders" printed above the signature.

■ The law is stated in 19 Am.Jur.2d, Corporations, Sec. 1342 to be as follows:

. . . Where directors or officers contract with a third person who is unaware of the existence of the corporation and to whom no disclosure of its existence is made, the director or officer is personally liable on the contract.

■ Mr. Baldwin was an original incorporator of Rossco Enterprises, Inc., and one of its largest stockholders. The record does not indicate what office he held in that corporation, but he was the principal figure in dealing with the respondent in the instant matter. In fact, counsel for the appellant asked this question:

Q. At any time, Mr. Baldwin, did you indicate to Mr. Riley [secretary-treasurer of respondent] or Mr. Memmer [general manager of respondent] that Exterior Builders was a d/b/a of Ross Baldwin?

A. Yes, sir.

Mr. Baldwin further testified that the only time he informed respondent that he was acting as a corporation and not in a personal capacity was *after* the check had been returned to the bank.

The appellant claims that the trial court should have granted his motion to dismiss

 

the case at the conclusion of the evidence and that the evidence does not support the finding that the appellant is personally liable to the respondent.

These two claims are without merit. The trial judge was the one to decide what the facts were, and in a memorandum decision he stated:

> To the extent the testimony of defendant conflicts with that of the witnesses, Riley and Memmer, the court chooses to believe the latter.

The appellant also claims that the court committed error at the end of the trial in permitting the respondent to amend its complaint to seek judgment against the corporation. The trouble with this claim is that the court took the motion under advisement and the record fails to show that it was ever granted. Also, it would not be an error to permit the amendment since no judgment was rendered against the corporation, and no judgment could have been so entered for the reason that the corporation was not before the court.

The judgment is affirmed. The respondent is awarded its costs.

CROCKETT, MAUGHAN and WILKINS, JJ., concur.

HALL, Justice (concurring with comment):

Defendant maintains that his motion made at the close of plaintiff's case in chief should have been granted on the grounds that a case had not been presented on the statutory[1] fraudulent check theory as alleged in the complaint. However appropriate such a motion may have been, the record reflects that the motion that in fact was made was "on the basis that the check in question which the plaintiff is suing on has been shown to be a corporate obligation rather than an individual obligation of this defendant," and the same was properly denied.

In regard to the further assertion that the trial judge abused his discretion in granting plaintiff's motion to amend the complaint at the conclusion of the trial "to reflect and include in the complaint the obligation of the corporation," there appears to have been some confusion as to the nature of the motion. In his findings of fact and conclusions of law the judge granted "Plaintiff's motion at the conclusion of the trial to amend the complaint to conform to the evidence," presumably under the provisions of Rule 15(b), U.R.C.P. However, the judge also found "[t]hat the defendant was estopped to assert that plaintiff was doing business with a corporate entity," which was in effect a *denial* of the motion defendant asserts was granted. In any event, the finding in favor of plaintiff on a personal account theory was adequately supported by the evidence and was proper under Rule 54(c)(1), U.R.C.P. which provides " . . . every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."