137 Ariz. 479 (1983)
671 P.2d 921
In the Matter of the ESTATE OF Emily May Beeson COFFIN, Deceased.
Frances ADOMEIT, Petitioner/Appellant,
v.
Leslie E. COFFIN, Jr., Personal Representative, Respondent/Appellee.
No. 2 CA-CIV 4655.
Court of Appeals of Arizona, Division 2.
June 14, 1983.
Rehearing Denied October 5, 1983.
Review Denied November 1, 1983.
*480 Slutes, Browning, Sakrison & Grant, P.C. by Jane L. Eikleberry and Christopher C. Browning, Tucson, for petitioner/appellant.
J. Emery Barker and Robert A. May, Tucson, for respondent/appellee.
OPINION
HOWARD, Chief Judge.
This is an appeal from the granting of a motion to dismiss appellant's petition to impose a constructive trust on the assets of an estate. Appellant contends the trial court erred in finding that the petition failed to state a claim for relief. We do not agree and affirm.
The petition to impose the constructive trust states that appellant, Frances Adomeit, was the daughter of the deceased. Paragraph I of the petition alleges that in 1970 appellant, an unmarried woman, and her mother, a widow, purchased real estate for the sum of $45,000, of which appellant paid $15,000 and the mother paid $30,000. The crucial language in the petition is as follows:
"II
That on or about February 18, 1975, a quit-claim deed was executed by FRANCES C. ADOMEIT, an unmarried woman, as Grantor, to MAY BEESON COFFIN, a widow, as Grantee; said deed was recorded February 21, 1975, in Docket 4959, Page 272; a copy of said deed is attached hereto and incorporated herein by reference.
III
That upon execution of the quit-claim deed, Decedent became the sole owner of the property.
IV
That Decedent paid Petitioner the sum of $15,000.00 in exchange for the execution of the quit-claim deed; said sum was far below the market value of Plaintiff's interest in the property at the time of the transfer and so the transfer was made without adequate consideration; Decedent was the mother of Petitioner and Petitioner possessed the greatest trust and confidence in her mother; that prior to executing the quit-claim deed, Petitioner saw her mother's Will which provided that Petitioner would receive one-third (1/3) of her mother's estate and in reliance upon this representation, Petitioner agreed to execute a quit-claim deed to the property in exchange for a sum far below the market value of her interest in the property; that Petitioner executed the quit-claim deed in compliance with her mother's wishes, and solely because Petitioner placed the utmost trust and confidence in her mother and believed and relied upon the representations of her mother."
The remaining paragraphs of the petition allege that in April 1979 the mother executed a new will giving the property to her son and that a codicil executed by the mother *481 in 1980 omitted petitioner entirely from the will. Her mother died in 1982 and thus appellant was left completely cut out of the will.
We start with the proposition that a motion to dismiss should not be granted unless it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible to proof under the claims stated. Parks v. Macro-Dynamics, Inc., 121 Ariz. 517, 591 P.2d 1005 (App. 1979). It is appellant's claim that she stated a claim for relief based upon a confidential relationship and overreaching on the part of the mother and that her mother's will of and by itself constituted an implied promise to make her an heir if she transferred the property to her mother. We do not agree.
We preliminarily note that there is no allegation that the mother promised to reconvey the property to appellant, or that the property was conveyed to her mother in exchange for a promise to leave the property to appellant in her will or make appellant an heir. In fact, there is no allegation whatsoever that the mother induced appellant in any manner whatsoever to deed the property to her. But the crucial omissions in this case are allegations of facts which would show a confidential relationship. It has long been the law in this state that the existence of a family relationship without more is not sufficient to create a constructive trust. Almada v. Ruelas, 96 Ariz. 155, 393 P.2d 254 (1964); Murillo v. Hernandez, 79 Ariz. 1, 281 P.2d 786 (1955). In order to impose a constructive trust, in addition to the family relationship, there must be shown age and infirmity on one hand, actual dominance on the part of the grantee, an established course of management of the grantor's affairs by the grantee, or other similar facts making it inequitable to allow the grantee to prevail. Murillo v. Hernandez, supra. Appellant's reliance solely on the relationship of mother and child is insufficient to show a confidential relationship and therefore insufficient to establish a constructive trust.
Affirmed.
HATHAWAY and BIRDSALL, JJ., concur.