**Ruth S. HILTSLEY, personally, and Ruth S. Hiltsley, Administratrix of the Estate of Milton J. Hiltsley, aka M.J. Hiltsley, Plaintiff and Respondent,**

v.

**Hallalene M. RYDER, Defendant and Appellant.**

**No. 19145.**

Supreme Court of Utah.

June 10, 1987.

Delyle H. Condie, Salt Lake City, for defendant and appellant.

Dwight L. King, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

This case arises out of a controversy over the disposition of various bank deposits made by plaintiff's deceased husband. Defendant seeks reversal of a district court judgment awarding plaintiff $4,924.66 and awarding over $43,623.43 to a nonparty.

Plaintiff Ruth S. Hiltsley is the surviving wife of Milton J. Hiltsley (decedent). Decedent died on August 26, 1981, and on October 7, 1981, plaintiff was appointed the personal representative of decedent's estate. Thereafter, she initiated this action in her representative capacity and on her own behalf, alleging alienation of affections and diversion of assets based upon fraud and undue influence. Specifically, she claimed an interest in the proceeds of a money market account, a passbook account used to purchase a condominium, and funds held in the form of two money market certificates. These assets had been held by defendant and decedent as joint tenants

with right of survivorship and claimed by defendant upon decedent's death.

Decedent's private journal, which was introduced without objection at trial, disclosed that on September 10, 1979, decedent's bedridden sister, Etta Wood, moved to Salt Lake City, Utah, from Albuquerque, New Mexico. According to the journal, decedent brought Etta's belongings to Salt Lake City on October 20 or 21, 1979, and Etta died on January 20, 1980. The journal also contained a notation to the effect that on October 5, 1979, decedent obtained in excess of $30,000 from Etta's New Mexico bank account. As indicated below, this latter notation is the cornerstone of the trial court's judgment.

The court found that plaintiff failed to produce significant evidence of the alienation of her husband's affections and that the evidence was insufficient to prove her allegations of fraud or willful or malicious conduct by defendant. The trial court, however, determined, "Decedent must be considered as having received the $30,000 from Etta Wood in trust for her and this money was not his money to invest as he did and did not become his upon her death to give away or use for his own purposes."

The trial court then proceeded to trace the source of the disputed assets to determine who had claim to such assets and what had happened to the $30,000. Thereafter it rendered judgment in favor of plaintiff and Etta Wood in the amounts indicated above.

■■■ Defendants contends that the trial court erred by declaring a constructive trust in favor of Etta Wood's estate on the proceeds of the $30,000 received by decedent from Etta Wood's New Mexico bank account. Utah Rule of Civil Procedure 54(c)(1) provides in pertinent part:

[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. It may be given for or against one or more of several claimants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between or among themselves.[1]

This rule is consistent with the general principle that a trial court may not render judgment in favor of a nonparty. Courts can generally make a legally binding adjudication only between the parties actually joined in the action.[2] The record fails to indicate that the estate of Etta Wood was a party to this lawsuit below. In accordance with the above principles, we hold that the trial court erred by rendering judgment in favor of the estate of Etta Wood.

While the record indicates that neither party raised any objection to the non-joinder of Etta Wood's estate, it is well settled that appellate courts may raise the issue *sua sponte*.[3] Utah Rule of Civil Procedure 19 provides in pertinent part:

(a) Persons to be joined if feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so

**1.** Rule 54(c)(1), while permitting relief not pleaded does not permit relief on issues neither raised nor tried, as was the case here with respect to the constructive trust issue. *See Combe v. Warren's Family Drive-Inns, Inc.,* 680 P.2d 733, 735 (Utah 1984).

**2.** *See* Utah R.Civ.P. 19(b); *cf. R.M.S. Corp. v. Baldwin,* 576 P.2d 881, 883 (Utah 1978) ("[N]o

judgment could have been so entered for the reason that the corporation was not before the court.").

**3.** *See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968); *Kimball v. Florida Bar,* 537 F.2d 1305, 1307 (5th Cir.1976).

joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. . . .[4]

Because the trial court should have required that Etta Wood's estate be joined before deciding the case as it did, we reverse the case and remand for joinder of Etta Wood's estate.[5] No costs awarded.

STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.

ZIMMERMAN, Justice (concurring):

I concur with the majority's remand to join the estate of Etta Wood. However, I do not believe it goes far enough in providing the trial court guidance on remand. It is true that the estate of Etta Wood was not represented below. However, at oral argument, there was some indication that Mrs. Hiltsley had been appointed as a representative of the Etta Wood estate or that she had attempted to join the estate of Etta Wood in the instant lawsuit. Thus, there is no question in my mind that after this appeal is disposed of, the question of a constructive trust will rear its head in a new action by supposedly "new" parties on essentially the same facts. In fact, this is almost invited by the majority's disposition of this case, since the remand leaves the door open for an entirely new trial on the issue of whether a constructive trust exists, once a proper representative of the Etta Wood estate becomes involved. Therefore, I would not decide this appeal on the narrowest possible ground, as does the majority.

Under Rule 30(a) of the Rules of the Utah Supreme Court, "if a new trial is granted, the court will pass upon and determine all questions of law involved in the case presented upon the appeal and necessary to the final determination of the case." This language is identical to former Rule 76(a) of the Utah Rules of Civil Procedure; and all case law under Rule 76(a) is equally applicable to the interpretation of the new Rule 30(a). This language has been interpreted to apply to a remand for additional proceedings, in addition to outright retrial. *Salt Lake County v. Salt Lake City*, 570 P.2d 119 (Utah 1977). The Court has previously held under old Rule 76(a) that "when a new trial or further proceeding is ordered, it is our duty to pass upon questions of law which may be pertinent and helpful in arriving at a final determination of the case." *Lopes v. Lopes*, 30 Utah 2d 393, 395, 518 P.2d 687, 688 (1974). *Accord LeGrand Johnson Corp. v. Petersen*, 18 Utah 2d 260, 420 P.2d 615 (1966); *Anderson v. Utah County Board of County Commissioners*, 589 P.2d 1214 (Utah 1979). We should extend this principle to resolve issues which are squarely before us on appeal when we can reasonably anticipate the reemergence of those issues in other proceedings hereafter. *Cf. Price-Orem Investment Co. v. Rollins, Brown & Gunnell, Inc.*, 713 P.2d 55, 58 (Utah 1986). This is such a case. The substantive question of whether a constructive trust exists is clearly raised by the decision of the trial court and has been argued and briefed by the parties on appeal. I would decide it.

The law of constructive trusts is summarized in section 160 of the Restatement of Restitution.[1] The remedy is an equitable one where, in the absence of any express or implied intention to form a trust, one may be imposed to prevent unjust enrichment. *Carnesecca v. Carnesecca*, 572 P.2d 708, 710 (Utah 1977); *Haws v. Jensen*, 116 Utah 212, 209 P.2d 229 (1949). The burden of proof is upon the one asserting a construc-

---

**4.** Although Rule 19 was amended after this case was argued, the amendments do not affect the operation of the rule.

**5.** In making this disposition, we in no way rule upon the merits of the constructive trust issue. To do so would be improper since the record was developed without representation by Etta Wood's estate. However, for the benefit of the trial court, we refer it to *Ashton v. Ashton*, 733

P.2d 147, 151–52 (Utah 1987), and *Baker v. Pattee*, 684 P.2d 632, 636–37 (Utah 1984).

**1.** "Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises." Restatement of Restitution § 160 (1937).

tive trust to show by clear and convincing evidence that equitable grounds for imposing a trust exist. *Baker v. Pattee*, 684 P.2d 632, 637 (Utah 1984); *Carnesecca v. Carnesecca*, 572 P.2d at 710; *Nielson v. Rasmussen*, 558 P.2d 511, 513 (Utah 1976); *Matter of Estate of Hock*, 655 P.2d 1111, 1114 (Utah 1982). This burden cannot be met by simply showing that there was a transaction between the parties apparently to the benefit of one and that they had a close family relationship.

> In order to impose a constructive trust, in addition to the family relationship, there must be shown [the grantor's] age and infirmity on one hand, actual dominance on the part of the grantee, and established course of management of the grantor's affairs by the grantee, or other similar facts making it inequitable to allow the grantee to prevail.

*Matter of Estate of Coffin*, 137 Ariz. 480, 482, 671 P.2d 921, 923 (Ariz.Ct.App.1983).

In the present case, the trial court specifically found that Mrs. Hiltsley's allegations of fraud or willful or malicious conduct toward her by her deceased husband were not proven. Therefore, to prevail she must have shown that her husband's conduct toward his sister was inequitable. The trial court found that this burden was met. I find nothing in the record that can support such a finding, especially when proof must be by clear and convincing evidence. All that was proven regarding the transactions between Etta May Wood and Mr. Hiltsley was that he received $30,000 from his sister in October of 1979, just three months before her death from an increasingly debilitating disease. It also appears that some of this money may have found its way into the accounts which are at issue. But there is absolutely no evidence as to why the money was given to Mr. Hiltsley by Mrs. Wood or as to the capacity in which it was received or held. The record in this regard is entirely neutral. Under these circumstances, the trial court's imposition of a constructive trust was based on nothing more than conjecture. Speculation that a man of the cloth obtained or held by deceit the funds of his incapacitated sister during her final hours is not justified on

this state of the record. Indeed, the court was required to presume that the transaction was in all respects regular, absent evidence to the contrary. *Cf. Sims v. George*, 24 Utah 2d 102, 466 P.2d 831 (1970) (a presumption of the donor's competency exists and the burden of proving incompetency is on one who asserts it); *see generally Koesling v. Basamakis*, 539 P.2d 1043 (Utah 1975) (proponent of a proposition bears burdens of proof and persuasion).

I would advise the trial court that it erred in finding a constructive trust on the state of the facts before it. A general dislike for Mr. Hiltsley's conduct vis-a-vis Mrs. Hallalene Ryder is not warrant for what the trial court did here.