323 P.2d 259

**JENSEN'S USED CARS, Plaintiff and Respondent,**

v.

**James T. RICE, Defendant and Appellant.**

No. 8741.

Supreme Court of Utah.

March 28, 1958.

Lowry, Kirton & Bettilyon, Salt Lake City, for appellant.

Charles E. Bradford, C. Richard Henriksen, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a deficiency judgment entered on a directed verdict and from a jury award of attorney's fees. Affirmed, with costs to plaintiff.

On August 12 or 13, plaintiff's agent delivered a used car to defendant, who gave the agent a $200 check and signed a conditional sales contract in blank. This contract was not used. On August 17 defendant stopped payment on the check. Nevertheless, on the next day, August 18, defendant signed another conditional sales contract that contained clear, complete terms, including the price. Defendant admitted all this. He has paid nothing. After having possession of the car for three months, it was picked up because of defendant's default in payments. It was sold at public auction for a lesser amount and plaintiff sued for the deficiency, for the $200 represented by the check and for attorney's fees.

Defendant urges that 1) the contract was cancelled, 2) he meant to enter into a different contract, 3) he didn't execute the alleged contract and 4) the court erred in instructing the jury on a matter after argument of counsel.

The record fails to support any cancellation theory. As to the contentions that defendant did not contract as alleged or that he executed a different contract, both are refuted by, and are inconsistent with defendant's signature on the contract and his admitted knowledge of its terms. Punctuated by objection, his testimony was diametrically opposed to the manifestation of mutual assent reflected in his execution of an instrument whose terms were clear, unambiguous, understandable and known.

Elementary it is that in construing contracts we seek to determine the intentions of the parties. But it is also elementary and of extreme practical importance that we hold contracting parties to their clear and understandable language deliberately committed to writing and endorsed by them as signatories thereto. Were this not so business, one with another among our citizens, would be relegated to the chaotic, and the basic purpose of the law to supply enforceable rules of conduct for the maintenance and improvement of an orderly society's welfare and progress would find itself impotent. It is not unreasonable to hold one responsible for language which he himself espouses. Such language is the only implement he gives us to fashion a determination as to the intentions of the parties. Under such cir-

278

cumstances we should not be required to embosom any request that we ignore that very language. This is as it should be. The rule excluding matters outside the four corners of a clear, understandable document, is a fair one, and one's contentions concerning his intent should extend no further than his own clear expressions.

■ It was urged correctly that to admit matters outside a contract would do violence to the principle that one is bound by his manifestations of assent, and that, irrespective of such contention, such matters properly are excludable by the parol evidence rule,—which rule, counsel suggests, is one of substantive law rather than one of evidence. Whatever kind one calls it, the rule that excludes such evidence is a common sense rule.

■ As to the assertion that the trial court erred in instructing the jury on a matter after counsel had argued the case, it appears that what little was said was said only to clarify, counsel taking no exception thereto, but, on the contrary, stipulating to such clarification. We cannot see how defendant was prejudiced thereby.

McDONOUGH, C. J., and CROCKETT, and WADE, JJ., concur.

WORTHEN, J., concurs in the result.