369 P.2d 928

Marian CORNWALL, Plaintiff and Respondent,

v.

WILLOW CREEK COUNTRY CLUB, a corporation, Defendant and Appellant.

No. 9568.

Supreme Court of Utah.

March 22, 1962.

---

Lawrence L. Summerhays, Salt Lake City, for appellant.

E. M. Garrett, Salt Lake City, for respondent.

McDONOUGH, Justice.

This is an action to recover under the terms of a personal service contract providing that if the contract was not renewed by the defendant, defendant would pay the plaintiff $1,000. Defendant appeals from a judgment for the plaintiff.

Plaintiff is a professional interior decorator. On September 22, 1959, she entered into a contract prepared by the defendant, Willow Creek Country Club in which she agreed to prepare certain detailed plans, supervise installation of furnishings, prepare purchase orders and generally consult with the Club's Building Committee in the interior decoration of the Willow Creek Country Club facilities. For plaintiff's services, the Club promised to pay her 6% of the purchase price of furnishings purchased by the Club during the agreement, or a minimum of $1,500.

Plaintiff's claim arises under paragraph six which provides; "This contract shall be for a term of one (1) year from the date hereof, and may be renewed by the Club upon the same terms, for an additional one (1) year, by giving written notice of renewal to the Decorator at least thirty (30) days prior to the date of expiration. In the event that the contract is not renewed, the Club shall pay the Decorator an additional fee of one thousand (1,000) dollars."

The work on the club house proceeded more rapidly than expected and the new club

house facility was furnished and decorated according to the plaintiff's plans and schedules within one year from the date of the contract. Plaintiff was paid a total of $7,577.41 for expenses and her fee.

The issue presented is whether the $1,000 penalty clause for the Club's failure to renew should be enforced.

Defendant contends the contract is ambiguous in failing to mention termination by completion of the work; that it is unreasonable to suppose defendant intended to pay a $1,000 penalty for defendant's failure to renew a completed contract; that if the contract was renewed, the Club would have to pay a $1,500 minimum fee even though no purchases remained to be made on which a 6% fee would be payable. From this it is argued that the meaning of the contract should be determined by reference to the intent of the parties, as evidenced by the facts and circumstances existing at the time the parties entered into the contract, and that such an examination shows that an initial lack of funds and a desire to continue the services of the same decorator throughout were the reasons for the insertion of paragraph six above. Defendant would have the court find an implied condition in paragraph six that the penalty for the Club's failure to renew would be due plaintiff only if there remained work to be done for which a fee would be payable.

Plaintiff asserts that a written instrument cannot be rendered ambiguous by reference to extraneous matters and that clearly expressed conditions must be enforced as written. Plaintiff makes the further argument that the contract was not terminated by performance since plaintiff's continuing duty was to "advise and consult with the Building Committee." In support of this contention, plaintiff cites a letter written after the Club became operative, in which she made suggestions concerning various operations, furniture arrangements and architectural changes she thought should be considered. This letter evoked an appreciation note intimating a future meeting with the Building Committee. However, no further meetings or services were requested by the Club.

■ In interpreting a contract, the primary rule is to determine what the parties intended by what they said. The court may not add, ignore or discard words in the process, but attempts to render certain the meaning of the provision in dispute by an objective and reasonable construction of the whole contract.[1]

■ We think the Club is bound by its unequivocal language; "in the event that the contract is not renewed, the Club shall pay the Decorator an additional fee of one thousand ($1,000.00) dollars."

1. Ephraim Theatre Co. v. Hawk, 7 Utah 2d 163, 321 P.2d 221 (1958); Vitagraph, Inc. v. American Theatre Co., 77 Utah 76, 291 P. 303 (1930).

'It is difficult for the court to speculate as to the precise reasons why the parties inserted the provision but, "it is not unreasonable to hold one responsible for language which he himself espouses."[2] After the Club became operative, the plaintiff wrote a letter to the Club in which she made various suggestions as to how various arrangements might be improved. In answer, the Club's president wrote that, "I appreciate your continuing interest and will possibly ask at a later date that you meet with the House Committee, since in my estimation it is the primary responsibility of the House Committee, and I am sure that its chairman, Mr. Tony Toombs, will welcome any assistance that you may be able to give him." This letter suggests that it may have been contemplated that the Decorator would continue to advise and consult with the Club after the Club House became operative, making observations and suggestions pertinent to the serviceability and functioning of the various arrangements. If the contract had been continued for another year, the decorator would presumably have been paid $1,500 (the minimum fee under the contract) for her services. However the Club failed to renew the contract and under its terms are now legally obligated to pay the plaintiff the $1,000 provided for just that contingency.

Affirmed. Costs to respondent.

WADE, C. J., and HENRIOD, CALLISTER and CROCKETT, JJ., concur.

2. Jensen's Used Cars v. Rice, 7 Utah 2d 276, 323 P.2d 259 (1958).