378 P.2d 898

LaVere KIDMAN et ux., Plaintitffs and Respondents,

v.

Lavine H. WHITE et al., Defendants and Appellant,

Keith S. JONES, Third Party Plaintiff,

v.

William E. WADE et ux., et al., Third Party Defendants.

No. 9704.

Supreme Court of Utah.

Feb. 20, 1963.

Nielsen, Conder & Hansen, W. Eugene Hansen and Franklin D. Johnson, Salt Lake City, for appellant.

Thomas P. Vuyk, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiffs as sellers of a soft ice cream and confectionery business in Salt Lake City sued to recover on a contract of sale and subsequent transfers thereof. From summary judgments in favor of the plaintiffs, one of the defendant assignees, Lavine H. White, appeals. Her attack upon the judgment is that it goes beyond the obligations she agreed to assume.

Plaintiffs Kidman sold the business to defendant Keith S. Jones on June 21, 1957, under a conditional sales contract which, so far as material here, provided for the payment of $6,500 at $100 per month with interest at 6% on the unpaid balance; recited other covenants to protect the Kidmans from losses which might result in operating the business; provided for acceleration of the full amount due upon default; and for attorney's fees in the event of suit.

After operating the business for 22 months, Jones sold it to the defendants William F. and Erma M. Wade, who executed a promissory note for Jones' equity and signed an agreement assuming the contract with Kidmans. After a similar experience and for approximately the same period of time, 23 months, the Wades on February 4, 1961, transferred the business to the appellant Lavine H. White. Two

agreements were executed: one by which she agreed to pay off Wades' note to Jones; and the other related to taking over the original obligation to the Kidmans. The precise language and what it obligated her to do is the nub of the dispute here and will be discussed below.

When payments became delinquent the Kidmans brought suit against Jones, the ,Wades and Mrs. White. Jones filed a cross-complaint against the Wades and Mrs. White to recover upon the Wades' obligation him. On the basis of the pleadings and the documents, the trial court rendered summary judgment in favor of the Kidmans and Jones against the Wades and Mrs. White. The latter is the only one who appeals, and our concern is with the two judgments against her: in favor of Kidmans for $4,568.07 principal, plus interest, together with attorney's fees of $714.68; and in favor of Jones against her in the amount of $550, plus interest, and attorney's fees of $195.

▇▇▇ Appellant White bases her contention that the judgments against her are excessive on the fact that the agreements she signed do not expressly provide for payment of interest or attorney's fees. There is no question but that the plaintiffs have the burden of affirmatively establishing that appellant contracted to perform the obligations they seek to place upon her; nor that, prima facie, she is bound only to the extent the terms expressly indicate, or at least fairly and reasonably imply.[1] It may be conceded that the duty to pay interest is so implied. But attorney's fees cannot be recovered unless expressly contracted for.[2]

It is significant to note that the language of Mrs. White's contracts, which is identical in both agreements, does not contain any acceleration clause, nor any express covenant to pay attorney's fees. Any liability imposed upon her must be predicated upon this provision:

"In consideration of the transfer of all right, title and interest of WILLIAM E. WADE and ERMA M. WADE, his wife, in and to all personal property, located at 3325 South 2300 East, Salt Lake County, Utah, I hereby *agree to assume and pay off in full the obligation* of William E. Wade and Erma M. Wade, [to Kidmans] *in the amount of $4,568.07* at the rate of $100 per month." (Emphasis added.)

The plaintiffs insist that the emphasized language "to assume and pay off in full the obligation" of the Wades refers to the only obligation the Wades had to Kidman and therefore has the effect of incorporating

1. See Jensen's Used Cars v. Rice, 7 Utah 2d 276, 323 P.2d 259.

2. Attorney's fees cannot be awarded in absence of agreement or express authorization by statute. Hawkins v. Perry, 123 Utah 16, 253 P.2d 372.

that entire contract by reference and binding Mrs. White to all of its terms, including acceleration of the full balance due upon default; the payment of interest; and the payment of attorney's fees.

Appellant concedes that the term "obligation" is one which if used alone might be understood as being general in meaning, but urges that the specific language: "in the amount of $4,568.07 at the rate of $100 per month," which follows the term "obligation," makes definite and thus limits the extent of her liability under the agreement.

■ It does not appear to us that appellant's contract commits her to the obligations of the antecedent contracts with any such certainty as to preclude the possibility that evidence might be adduced to show that the parties intended that she should pay only the exact amount of money stated, and in the manner it recites: that is, $4,568.07 at $100 per month; or that she in fact agreed to discharge the more extensive obligations of the prior contracts as above set forth. That being so, it is both permissible and necessary to receive and consider extraneous evidence as to the background and circumstances of the transaction to resolve the dispute between the parties as to what they did intend.[3]

■ In confronting the problem presented on this appeal we have been obliged to remain aware that a summary judgment, which turns a party out of court without an opportunity to present his evidence, is a harsh measure that should be granted only when, taking the view most favorable to a party's claims and any proof that might properly be adduced thereunder, he could in no event prevail.[4] That both parties hereto make plausible arguments that the contract in question is so manifestly in their favor that reasonable minds could not see it the other way is a pointed commentary of the ability of the human mind to rationalize in its own interests. It is equally so upon the desirability and the propriety of resolving any doubts in favor of permitting courts and juries to settle such disputes rather than ruling upon them summarily as was done here.

Viewed in the light of the foregoing discussion it is our opinion that the trial court erred in granting the summary judgment. The case is remanded for trial. Costs to appellant.

McDONOUGH, CALLISTER and WADE, JJ., and JOSEPH E. NELSON, District Judge, concur.

HENRIOD, C. J., having disqualified himself, did not participate herein.

3. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176.

4. See statement in Samms v. Eccles, 11 Utah 2d 289, 358 P.2d 344.