398 P.2d 207

Inez BARRUS, Plaintiff and Respondent,

v.

Harold N. WILKINSON and Lurene G. Wilkinson, Defendants and Third-Party Plaintiffs and Appellants,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY OF ST. PAUL, MINNESOTA, Third-Party Defendant and Respondent.

No. 10127.

Supreme Court of Utah.

Jan. 15, 1965.

Raymond M. Berry, Salt Lake City, for appellants.

Hanson & Baldwin, Salt Lake City, for respondents.

CALLISTER, Justice.

Plaintiff, Inez Barrus, an employee of the St. Paul Fire and Marine Insurance Company, slipped and fell on a tile floor in the common passageway of a building owned by Harold N. and Lurene G. Wilkinson. Plaintiff brought an action against the defendants, claiming they were careless and negligent in proximately causing her fall. Defendants denied and alleged contributory negligence.

The defendants also filed a third party complaint against the St. Paul Fire and Marine Insurance Company, a lessee of part of the building. Against the Insurance Company, the defendants alleged 1) the injury to the plaintiff was not due to the negligence of the defendants or any of their agents, employees, or servants, and 2) the lease agreement between the defendants and the Insurance Company would save and hold the defendants harmless from all loss, damage, liability, or expense resulting from injury to any person because of the acts of the Insurance Company.

The applicable portion of the lease agreement provides:

"* * * Lessor shall be liable for all * * * injury to employees of lessee due to negligence of Lessor or his employees, agents; the Lessee will save and hold Lessor harmless from all loss, damage, liability or expense resulting from any injury to any person * * * caused by or resulting from any act of the Lessee or any officer, agent or employee of the Lessee, or about the leased premises or said building."

At a pretrial hearing the district court dismissed the third party complaint on the ground it failed to state a cause of action against the Insurance Company.

In considering a motion to dismiss a complaint, both the district court and this court on review are to survey its allegations in the light most favorable to the plaintiff, and grant the dismissal only if the plaintiff could not in any event establish a right to recover.[1]

In interpreting a provision in a contract, this court will try to determine the intention of the parties,[2] and a defend-

1. King Bros. Inc. v. Utah Dry Kiln Co., 13 Utah 2d 339, 342, 374 P.2d 254 (1962).

2. Cornwall v. Willow Creek Country Club, 13 Utah 2d 160, 162, 369 P.2d 928 (1962); Jensen's Used Cars v. Rice, 7 Utah 2d 276, 277, 323 P.2d 259 (1958).

ant, normally, is bound only to the extent the terms expressly indicate, or at least fairly and reasonably imply an obligation.[3] Where an indemnity agreement is involved it is generally held that the agreement will not be construed to cover losses to' the indemnitee caused by his own negligent acts unless such intention is expressed clearly and unequivocally.[4] Especially is this true where an affirmative act of negligence is involved.[5]

The intention to indemnify the defendants from their negligent acts is not clearly and unequivocally expressed in the lease agreement. In fact, the lease provides that the defendants shall be liable for all injury caused by their negligence or that of their employees or agents, and the Insurance Company will indemnify the defendants for injury caused by the acts of the Insurance Company or that of its employees, agents or officers (which is obviously not the situation here). If the defendants or their employees or agents were negligent they are liable and the lease provision does not entitle them to indemnification. If they were not negligent they are not liable and need no indemnification. The district court correctly dismissed the third party complaint.

Affirmed. Costs to respondent, Insurance Company.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

3. Kidman v. White, 14 Utah 2d 142, 144, 378 P.2d 898 (1963).

4. Southern Pacific v. Morrison-Knudsen Co., 216 Or. 398, 338 P.2d 665, 671

(1959); Griffiths v. Henry Broderick, Inc., 27 Wash.2d 901, 182 P.2d 18, 19, (1947); see also 175 A.L.R. 8.

5. Vinnell Co. v. Pacific Electric Railway Co., 52 Cal.2d 411, 340 P.2d 604 (1959).