UNION PACIFIC RAILROAD
COMPANY, a corporation,
Plaintiff and Respondent,

v.

INTERMOUNTAIN FARMERS
ASSOCIATION, a corporation,
Defendant and Appellant.

No. 14635.

Supreme Court of Utah.

June 13, 1977.

F. Robert Bayle and Wallace R. Lauchnor, of Bayle & Lauchnor, Salt Lake City, for defendant-appellant.

Steven A. Goodsell, Salt Lake City, for plaintiff-respondent.

HALL, Justice.

This appeal arises out of an action brought to enforce an indemnity provision in a lease agreement. The matter was heard by the court, sitting without a jury, upon stipulated facts, and it found the legal issues in favor of plaintiff, hence the appeal by defendant.

The facts giving rise to the action are briefly stated as follows: Plaintiff's employee, Richard V. Richins, a train conductor, was injured on the leased premises of defendant's while an engine was being used to remove empty box cars from the premises. The train, in darkness, illuminated by its headlights, entered into an area of the premises obstructed by an unobserved spool of cable and as the train passed the spool Richins' leg came in contact therewith causing him to fall to the ground resulting in severe injuries to his right leg. Richins thereafter sued plaintiff for its alleged negligence and a settlement was reached. Defendant was not a party thereto nor did Richins sue defendant. Plaintiff thereafter sought indemnification from defendant under the terms of the lease.

The trial court concluded, as a matter of law, that it made no difference whether or not plaintiff or defendant, or both, were negligent since the lease agreement required absolute indemnification. On appeal, defendant assigns error in the ruling below of unrestricted indemnification and takes the position that nowhere in the lease agreement does it impose the duty of indemnification for the negligent acts of plaintiff.

The language of the lease in dispute is as follows:

Section 5. It is especially covenanted and agreed . . . that the Lessee

shall at all times protect the Lessor and the leased premises from all injury, damage or loss by reason of the occupation of the leased premises by the Lessee, or from any cause whatsoever growing out of said Lessee's use thereof.

The matter of contracting against one's own negligence has been previously considered by this court. In *Jankele, et al. v. Texas Co.*[1] a similar indemnity clause was in controversy, the same reading as follows:

The dealer shall . . . at his expense keep said equipment in good order and repair; . . . exonerate the company and hold it harmless from all claims, suits and liabilities of every character whatsoever and howsoever arising from the existence or use of said equipment.

The court construed the clause as not relieving the company of liability for its negligent acts in the following language:

. . . The contract does not pretend to relieve the defendant from damages occasioned by reason of improper and negligent installation. No such construction can be given to the contract. *It is very doubtful that defendant could relieve itself by contracts from its own negligence. Ordinarily such contracts are contrary to public policy.* [Emphasis added.]

A similar result was reached in *Walker Bank & Trust Company v. First Security Corporation*,[2] wherein it was recognized that there were certain instances where liability for negligence could be contracted away. The court stated it this way:

Assuming that in the absence of some consideration of public policy militating against it, one may contract to protect himself against liability for loss caused by his negligence, it is nevertheless well settled that contracts in which a party attempts to do so are *subject to strict construction against him; and further, that he will be afforded no protection unless the preclusion against negligence is clear-*

---

*ly and unequivocally stated.* [Emphasis added.]

Citing *Chicago & N. W. Ry. Co. v. Chicago Packaged Fuel Co.,* 7 Cir., 183 F.2d 630; annotation on Limiting Liability for own Negligence, 175 A.L.R. 8 et seq.

This court again applied the doctrine of strict construction against parties attempting to limit liability caused by their own negligence in *Barrus v. Wilkinson v. St. Paul Fire and Marine Insurance Co.*[3] There the indemnity agreement required a lessee to save and hold harmless the lessor from liability for injury caused by the lessee and the court used the following language:

In interpreting a provision in a contract, this court will try to determine the intention of the parties, and a defendant, normally, is bound only to the extent the terms expressly indicate, or at least fairly and reasonably imply an obligation. Where an indemnity agreement is involved it is generally held that the agreement will not be construed to cover losses to the indemnitee caused by his own negligent acts unless such intention is expressed clearly and unequivocally.

Citing *Cornwall v. Willow Creek Country Club,* 13 Utah 2d 160, 369 P.2d 928 (1962); *Jensen's Used Car v. Rice,* 7 Utah 2d 276, 323 P.2d 259 (1958); *Kidman v. White,* 14 Utah 2d 142, 378 P.2d 898 (1963); *Southern Pacific v. Morrison-Knudsen Co.,* 216 Or. 398, 338 P.2d 665 (1959); *Griffiths v. Henry Broderick, Inc.,* 27 Wash.2d 901, 182 P.2d 18 (1947); see also 175 A.L.R. 8.

A year later in *Howe Rents Corp. v. Worthen*[4] the question was whether the provisions of a bailment contract should be interpreted as to render the bailee liable in damages for the negligent acts of the bailor and the court held:

. . . The general language "the Lessee shall be liable for all damages to or loss of the equipment regardless of cause" does not constitute a clear and unequivocal expression creating an obli-

---

1. 88 Utah 325, 54 P.2d 425 (1936).

2. 9 Utah 2d 215, 341 P.2d 944 (1959).

3. 16 Utah 2d 204, 398 P.2d 207 (1965).

4. 18 Utah 2d 263, 420 P.2d 848 (1966).

gation for the bailee to indemnify the bailor for the bailor's negligent acts.

■ The cases of *Barrus v. Wilkinson*, footnote 3 above, and *Union Pacific Railroad Co. v. El Paso Natural Gas Co.*[5] were cited in *Howe*, supra, in support of the now well-recognized adoption by this court of what appears to be the majority rule. The intention of the parties governs but the presumption is against any such intention and it is not achieved by inference from general language. In *Union Pacific Railroad Co. v. El Paso Natural Gas Co.*, footnote 5 above, the court determined that each party was entitled to assume the other would act reasonably under whatever circumstances might arise and that neither would commit a wrongful act or be guilty of negligence.

Similar results were reached in *Chicago & Illinois Midland R. Co. v. Evans Constr. Co.*[6] and *Union Stockyards Company of Omaha v. Burlington, Quincy Railroad Company.*[7]

■ The indemnification provisions contained in the contract now before us do not meet the test as previously laid down, and consequently the case is reversed with instructions to consider the issue of negligence and for further proceedings in conformity with this judgment.

CROCKETT, MAUGHAN and WILKINS, JJ., concur.

ELLETT, C. J., concurs in the result.

ELLETT, Chief Justice (dissenting and concurring).

I concur in reversing the judgment, but I would not remand for further proceedings.

The spool with which the employee of respondent came into contact was located in a safe place and did not impede the movements of respondent's train or crew members thereof. The night when the accident occurred was Halloween and somebody moved the spool from its place of repose to a position near the respondent's tracks. There is no evidence as to how long the spool had remained there prior to the accident. The train had passed the point just seconds before; and if the spool was there, it was not observed. There is no evidence that appellant put the spool in its fouling position or that it knew the spool had been moved or that it had any opportunity to remove it.

The respondent claims the right to reimbursement for a settlement it made with its injured employee and bases its claim upon the provisions of the lease which require the respondent lessee to ". . . hold harmless the Lessor . . . from any and all . . . damages . . . accruing by reason of the use or occupation of said premises by the Lessee; . . ."

The evidence does not show that any harm or damage to the railroad company occurred by reason of the use or occupation of the premises by the lessee.

The cases cited in the main opinion all seem to deal with a case where there was negligence on the part of the lessee. In the instant matter there is no claim of negligence and negligence is not involved. The question is, "Did the lessee breach the lease?" In determining whether a contract has been breached, one must look to the ostensible intent of the parties as gathered from the contract itself. When the agreement was made to the effect that the appellant would keep the tracks free from objects which might befoul the trains, the agreement that the parties had in mind had to be that (a) the lessee would not so use the area as to foul the line; (b) it would not place anything so as to interfere with the movement of lessor's trains; and (c) if some third party placed objects in proximity to the tracks, the lessee would remove them as soon as reasonably possible after it knew, or, in the exercise of reasonable care, should have known of their presence. This matter of breach thus has some similarity to "negligence" but this suit does not involve it.

5. 17 Utah 2d 255, 408 P.2d 910 (1965).

6. 32 Ill.2d 600, 208 N.E.2d 573 (1965), 19 A.L. R.3d 921.

7. 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453 (1905).

I would therefore simply reverse the judgment rendered and award costs to the appellant.