Terry Lynne JONES, Plaintiff and Appellant,

v.

William K. HINKLE and Kathryn P. Hinkle, Defendants and Respondents.

No. 16525.

Supreme Court of Utah.

May 16, 1980.

Stephen L. Henriod and Joseph L. Henriod of Nielsen, Henriod, Gotfredson & Peck, Salt Lake City, for plaintiff and appellant.

Dean L. Gray, Salt Lake City, for defendants and respondents.

STEWART, Justice:

Plaintiff brought this action for specific performance of a contract for the sale of realty and for damages allegedly resulting from defendants' failure to convey title to plaintiff. Both plaintiff and defendants moved for summary judgment. The issue on appeal is whether the trial court correctly held that plaintiff had not complied with the terms of the contract, granted summary judgment for the defendants, and denied summary judgment for plaintiff.

In May 1977 plaintiff and defendants entered into an installment contract for the sale of residential property in Utah County. The terms of the contract were set out in a standard form "Uniform Real Estate Contract." Plaintiff made monthly payments and one balloon payment according to the terms of the contract. In July 1978 plaintiff notified defendants that she had reduced the principal balance to the amount of the outstanding mortgage with Deseret Federal Savings and Loan and had made arrangements with that institution to assume defendants' loan. She requested that defendants convey title to her pursuant to Paragraph 8 of the contract which provided for conveyance of title subject to outstanding loans and mortgages. Defendants refused to transfer title.

In her suit for specific performance, plaintiff alleged compliance with the contract with respect to reduction of the principal balance and assumption of the outstanding loan. In their answer defendants denied any obligation to convey title and counterclaimed for attorney's fees. The parties stipulated that $500 would be a reasonable attorney's fee for services rendered to the time of judgment. The trial court granted summary judgment for defendants and awarded their attorney's fees.

On appeal plaintiff contends that on the undisputed facts the trial court erred in not requiring conveyance of title pursuant to Paragraph 8 of the contract. Plaintiff also contends that it was error for the court to award attorney's fees to defendants.

The following provisions of the contract are pertinent to the present dispute:

6. It is understood that there presently exists an obligation against said property in favor of Deseret Federal Savings and Loan with an unpaid balance of $31,836.78, as of May 1, 1977.

\*   \*   \*   \*   \*   \*

8. The Seller is given the option to secure, execute and maintain loans secured by said property of not to exceed the then unpaid contract balance hereunder, bearing interest at the rate of not to exceed nine percent (9%) per annum and payable in regular monthly installments; provided that the aggregate monthly installment payments required to be made by Seller on said loans shall not be greater than each installment payment required to be made by the Buyer under this contract. *When the principal due hereunder has been reduced to the amount of any such loans and mortgages the Seller agrees to convey and the Buyer agrees to accept title to the above described property subject to said loans and mortgages.* [Emphasis added.]

9. If the Buyer desires to exercise his right through accelerated payments under this agreement to pay off any obligations outstanding at date of this agreement against said property, it shall be the Buyer's obligation to assume and pay any penalty which may be required on prepayment of said prior obligations. Prepayment penalties in respect to obligations against said property incurred by seller, after date of this agreement, shall be paid by seller unless said obligations are assumed or approved by buyer.

■ Paragraph 3 of the contract provides for payments each month "until contract balance is paid in full." Defendants argue that the typewritten language of Paragraph 3 of the contract supersedes the printed language of Paragraph 8. It is defendants' position that the parties contemplated a continuing contract until the full purchase price was paid. If this position were correct, Paragraph 8, providing for conveyance of title before full payment

of the purchase price, would have no meaning. It is axiomatic that a contract should be interpreted so as to harmonize all of its provisions. *Vance v. Arnold,* 114 Utah 463, 201 P.2d 475 (1949).

■ The language of the uniform real estate contract is dispositive of the issue of specific performance. Interpretation of a written contract is ordinarily a question of law, and this Court need not defer to the trial court's construction, *Provo City Corp. v. Nielson Scott Co., Inc.,* Utah, 603 P.2d 803 (1979), but will make its own independent interpretation of the contract terms. Contract provisions are not rendered ambiguous merely by the fact that the parties urge diverse interpretations. *Vance v. Arnold, supra; National Wrecking Co. v. City of Chicago,* 128 Ill.App.2d 205, 262 N.E.2d 735 (1970). Like other contracts, a realty purchase contract should be construed as a whole, and all its terms should be given effect if it is reasonably practicable to do so. *Cornwall v. Willow Creek Country Club,* 13 Utah 2d 160, 369 P.2d 928 (1962); *Gates v. Daines,* 3 Utah 2d 95, 279 P.2d 458 (1955); *Dixon v. Malloy,* 70 Cal.App.2d 322, 160 P.2d 896 (1945).

■ Although Paragraph 3 of the real estate contract sets out the basic payment scheme, it does not mandate specified monthly payments as the only method of making payment. Paragraph 4 provides for the payment of amounts in excess of the regular monthly payments, and accelerated payments are allowed by Paragraph 9 of the contract. It is significant that Paragraph 9 expressly refers both to loan obligations outstanding at the date of the contract and to obligations incurred after the execution of the contract. Paragraph 8 applies to "any" loans secured by the property and does not expressly exclude the existing mortgage identified in Paragraph 6. In our view, Paragraph 3 does not preclude the right to conveyance of title pursuant to Paragraph 8 according to the clear terms of that provision and in light of the language of Paragraph 9.

Conveyance of title pursuant to Paragraph 8 is conditioned solely on the reduction of the unpaid principal to the amount of the outstanding obligations. Plaintiff stated in her affidavit supporting her motion for summary judgment that the balance on the contract had been reduced to the amount of defendants' mortgage obligation and that she had a loan commitment from Deseret Federal for an amount sufficient to pay off the mortgage. Defendants did not controvert these facts.

Defendant Kathryn P. Hinkle submitted an affidavit in support of defendants' motion for summary judgment in which she stated "paragraph 8 provides that buyer may undertake the principal mortgage held by the seller under certain terms and conditions and that none of the terms and conditions required were fulfilled herein, and, therefore, buyers have no right, under paragraph 8, to assume seller's mortgage." The affidavit does not allege any specific unfulfilled conditions; it does not dispute that the contract price was paid down to the balance of the outstanding mortgage. Furthermore, the defendants' pleadings deny that any obligations were secured by the property other than the Deseret Federal loan.

Pursuant to Rule 56(e), Utah Rules of Civil Procedure, when a motion for summary judgment is made, the affidavit of an adverse party must contain specific evidentiary facts showing that there is a genuine issue for trial. *Walker v. Rocky Mountain Recreation Corp.*, 29 Utah 2d 274, 508 P.2d 538 (1973); *Preston v. Lamb*, 20 Utah 2d 260, 436 P.2d 1021 (1968). Defendants have failed to identify with specificity any material issue of fact, and plaintiff, as a matter of law, is entitled to conveyance of the title. The judgment of the trial court is in error; indeed, the record shows that plaintiff is entitled to summary judgment in her favor.

As to the award of attorney's fees to defendants, we reverse the trial court and direct it to award such fees to plaintiff. The contract provides that the defaulting party shall pay costs and expenses, including a reasonable attorney's fee incurred in enforcing the agreement. Defendants were in default for their failure to convey title pursuant to Paragraph 8, and they are therefore liable to plaintiff for the expenses of this action.

Reversed and remanded for further proceedings.

CROCKETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.