Nick **FAULKNER** and Karyl Faulkner, his wife, Plaintiffs and Respondents,

v.

F. Carl **FARNSWORTH** and Ann H. Farnsworth, his wife; and Jon Lee Torgerson and Mavis Torgerson, his wife, Defendants and Appellants.

No. 18142.

Supreme Court of Utah.

June 7, 1983.

Robert F. Orton, T. Richard Davis, Salt Lake City, for defendants and appellants.

John H. McDonald, Salt Lake City, for plaintiffs and respondents.

STEWART, Justice:

In December 1975 the defendants entered into a contract to purchase certain real and personal properties located in Panguitch, Utah from H. Vance and Emily B. Pope. The properties consisted primarily of a motel, cafe, trailer park, and several residential dwellings which were sold for the price of $270,000.

In April 1978 the defendants entered into a uniform real estate contract to sell some of the properties to Thomas E. Thorpe, a straw man used by plaintiffs for tax purposes. All the negotiations relating to the sale were in fact between the plaintiffs and the defendants. The "Thorpe" contract provided for the plaintiffs to purchase and the defendants to sell for $300,000 a portion of the real property which the defendants had purchased under the "Pope" contract.

The parties used a standard, printed uniform real estate contract form supplied and filled in by plaintiff Nick Faulkner, a real estate broker. Pursuant to paragraph 6 of that agreement, the parties acknowledged the underlying obligation that the sellers had under the "Pope" agreement. Plaintiff Nick Faulkner typed in the blank under paragraph 6 the language that the "Pope"

obligation *"shall be the Seller's obligation to pay and discharge."* (Emphasis added.)

Paragraph 8 of the "Thorpe" contract states as follows:

> The Seller is given the option to secure, execute, and maintain loans secured by said property of not to exceed the then unpaid contract balance hereunder, bearing interest at the rate of not to exceed EIGHT percent (8.0%) per annum and payable in regular monthly installments; provided that the aggregate monthly installment payments required to be made by Seller on said loans shall not be greater than each installment payment required to be made by the Buyer under this contract. When the principal due hereunder has been reduced to the amount of any such loans and mortgages the Seller agrees to convey and the Buyer agrees to accept title to the above described property subject to said loans and mortgages.

Under this provision, plaintiffs argue that when the amount due under the "Thorpe" contract was reduced to an amount equal to the amount due under the "Pope" contract, they were entitled to assume the "Pope" contract in lieu of paying off the remainder of the "Thorpe" contract. The plaintiffs filed suit under paragraph 8 for specific performance of the obligation to convey title. Both parties filed motions for summary judgment. At the time of the hearing on the motions, defendants' balance due on the "Pope" contract had been reduced so that it was less than the balance owed by the plaintiffs under the "Thorpe" contract. Plaintiffs offered to pay to defendants the difference between the balance that plaintiffs owed and the balance that defendants owed. The trial court granted the plaintiffs' motion for summary judgment and denied defendants' cross-motion.

On this appeal, the defendants contend that the trial court erred in ruling that paragraphs 6 and 8 are not ambiguous and that the intention of the parties was plain from the contract.

■ When a contract is clear on its face, extraneous or parol evidence is generally not admissible to explain the intent of the contract. *Rice, Melby Enterprises, Inc. v. Salt Lake County,* Utah, 646 P.2d 696 (1982); *Williams v. First Colony Life Insurance Co.,* Utah, 593 P.2d 534 (1979). *See also Rowley v. Marrcrest Homeowners' Assoc.,* Utah, 656 P.2d 414 (1982); *Boise Cascade Corp. v. Stonewood Development Corp.,* Utah, 655 P.2d 668 (1982). But when a contract is ambiguous, because of the uncertain meaning of terms, missing terms, or other facial deficiencies, parol evidence is admissible to explain the parties' intent. *Grow v. Marwick Development, Inc.,* Utah, 621 P.2d 1249 (1980); *Durbano Metals, Inc. v. A & K Railroad Materials, Inc.,* Utah, 574 P.2d 1159 (1978); *E.A. Strout Western Realty Agency, Inc. v. Broderick,* Utah, 522 P.2d 144 (1974). Whether an ambiguity exists is a question of law to be decided before parol evidence may be admitted. *Morris v. Mountain States Telephone and Telegraph Co.,* Utah, 658 P.2d 1199 (1983). As this Court stated in *Big Butte Ranch, Inc. v. Holm,* Utah, 570 P.2d 690, 691 (1977):

> [T]he court should first examine the language of the instruments and accord to it the weight and effect which it may show was intended and if the meaning is ambiguous or uncertain then consider parol evidence of the parties' intentions.

Of course, a motion for summary judgment may not be granted if a legal conclusion is reached that an ambiguity exists in the contract and there is a factual issue as to what the parties intended. *Grow v. Marwick Development, Inc., supra.*

In the present case, the issue is whether the typed insertion that the "Pope" contract "shall be the Seller's obligation to pay and discharge" in paragraph 6 creates an ambiguity in light of paragraph 8. Plaintiffs contend that the typed language has no effect on paragraph 8; defendants contend that the typed language was intentionally inserted to establish that the Sellers were to pay the entire amount of the "Pope" obligation and thus "discharge" that obligation. On that view, paragraph 8 would not apply to the "Pope" obligation.

The operation of paragraph 8 in a Uniform Real Estate Contract was also at issue in *Jones v. Hinkle,* Utah, 611 P.2d 733 (1980), which plaintiffs claim is dispositive of the issue in this case. The issue there was whether the seller could prevent the buyer from invoking paragraph 8. Under paragraph 3 the buyer was to make payments "until the contract balance is paid in full." The seller argued that the parties contemplated a continuing contract between them until that contract was paid in full. That construction of paragraphs 3 and 8 would have nullified paragraph 8 because the language of paragraph 3 simply stated the terms of the primary obligation of the buyer under the contract. Accordingly, we held that when the terms of paragraph 8 were met by the balance due on the underlying contract being reduced to the balance due on the principal contract, the buyer could insist on a transfer of title.

In the instant case, the defendants do not contend, as was contended in *Jones,* that the parties contemplated that paragraph 3 overrides paragraph 8. Rather, the contention is that the typewritten language in paragraph 6, that the "Pope" obligation "shall be the Seller's obligation to pay and discharge," indicates an intention to preclude the invocation of paragraph 8. Thus, the language in paragraph 6 refers only to the sellers' obligation to pay and discharge the underlying "Pope" obligation, not the primary obligation which is the subject of the contract itself. The typed-in language is clearly susceptible to the interpretation that the "Pope" contract was to remain the sole obligation of the sellers. Furthermore, the language in paragraph 8 refers to prior "loans and mortgages." That language is not readily susceptible to the interpretation that it includes conditional sales contracts.

■ The typed-in language in paragraph 6, as well as the language in paragraph 8, raises enough of an ambiguity as to the intent of the parties that the case cannot be decided as a matter of law for the plaintiffs. We also note that the ambiguities referred to are reinforced by the fact that the amount of property sold to plaintiffs under the "Thorpe" contract was less than the amount of property sold to defendants under the "Pope" contract. Under those circumstances, it is not implausible that the parties may have intended the "Pope" contract to be non-assumable.

On these facts, we conclude that the contract was ambiguous and could not be resolved in plaintiffs' favor as a matter of law.

Reversed and remanded for further consideration. Costs to appellants.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.