Nick FAULKNER and Karyl Faulkner, his wife, Plaintiffs and Respondents,

v.

F. Carl FARNSWORTH and Ann H. Farnsworth, his wife; and John Lee Torgerson and Mavis Torgerson, his wife, Defendants and Appellants.

No. 19892.

Supreme Court of Utah.

Feb. 24, 1986.

John H. McDonald, Salt Lake City, for defendants and appellants.

Robert F. Orton, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

Plaintiffs Faulkner appeal from that part of the judgment on a jury verdict awarding defendants Farnsworth and Torgerson attorney fees in the amount of $11,350 and costs in the amount of $507.89, together with interest from the date of judgment at the rate of 12 percent per annum. We reverse.

This case is before us for the second time. Plaintiffs sued for declaratory judgment to compel defendants to transfer title as purportedly required by contract between plaintiffs and defendants. The trial court granted their motion for summary judgment, and defendants appealed. We remanded the case to the trial court for a trial on the merits because of an ambiguity in the contract. *Faulkner v. Farnsworth*, Utah, 665 P.2d 1292 (1983). The question to be decided upon remand was whether defendants were to discharge an obligation under the "Pope" contract (the contract between defendants as buyers and Pope as seller of the real estate later sold to plaintiffs) or whether defendants as sellers in their contract with plaintiffs were to convey title to plaintiffs when the sums owing by plaintiffs equaled the amount of defendants' underlying obligation on the "Pope" contract. A jury returned a verdict in favor of defendants, finding that the "Pope" contract was not assumable by plaintiffs. The court then awarded attorney fees to defendants under paragraph 21 of the contract, which reads as follows:

> The buyer and seller each agree that should they *default* in any of the covenants or agreements contained herein, that [sic] the *defaulting party* shall pay all costs and expenses, including a reasonable attorney's fee, which may arise or accrue from enforcing this agreement.

(Emphasis added.)

Plaintiffs contend that the trial court erred as a matter of law in ordering them to bear the legal costs of the *prevailing party*, when the contract predicated the award of attorney fees on a *default* in the covenants or agreements and imposed those fees expressly on the *defaulting party*.

■ The interpretation of contract language presents us with a question of law on which we need not defer to the trial court's construction but are free to render our independent interpretation. *Jones v. Hinkle*, Utah, 611 P.2d 733 (1980). Under Utah law, attorney fees may be recovered if provided by contract or statute. "If by contract, the award of attorney's fees is allowed only in accordance with the terms of the contract." *Turtle Management, Inc. v. Haggis Management, Inc.*, Utah, 645 P.2d 667 (1982); *accord Trayner v. Cushing*, Utah, 688 P.2d 856 (1984). Defendants support their argument that the award of attorney fees was proper with cases decided under identical or similar contract language. *Swain v. Salt Lake Real Estate & Investment Co.*, 3 Utah 2d 121, 279 P.2d 709 (1955), *overruled on other grounds*, *Management Services Corp. v. Development Associates*, Utah, 617 P.2d 406 (1980); *Management Services Corp., supra; Jones, supra*. All of those cases involved a default by one party or the other, so that an award of attorney fees was proper in light of the contractual language.

■ Here, by comparison, there was no default. Plaintiffs had reduced their payments to an amount equal to the underlying obligation of defendants. They were current in their payments. Plaintiffs believed defendants were in default in not conveying title, but a jury found otherwise. An award of attorney fees is improper when it is not based on the terms contained in the parties' agreement or where the breach is not based on contract. *Trayner, supra; L & M Corp. v. Loader*, Utah, 688 P.2d 448 (1984). In *Turtle Management, Inc., supra*, an agreement for the sale of assets provided that the cost of enforcing the agreement, including a reasonable at-

torney fee, should be borne by the party *in default.* We there upheld the proper ruling by the trial court that only one party was in default, and attorney fees were limited accordingly against that one party. Other jurisdictions have held the award of attorney fees improper in disputes dealing with the declaration of rights and obligations under contract, where the contractual language restricted the award to curing default or breach or to enforcing the payment of rent or other provisions of a lease. *Siltzer v. North First Bank,* Fla. App., 445 So.2d 649 (1984) (mortgage and note); *Ocala Warehouse Investments, Ltd. v. Bison Co.,* Fla.App., 416 So.2d 1269 (1982) (lease); *Chesterfield Co. v. Ritzenheim,* Fla.App., 350 So.2d 15 (1977) (lease); *Hindquarter Corp. v. Property Development Corp.,* 95 Wash.2d 809, 631 P.2d 923 (1981) (lease renewal).

The trial court found, based on the jury verdict, that defendants had not breached the provisions of the contract by refusing to convey title. That refusal was the only purported default at issue here. The contractual language does not award attorney fees to the prevailing party who succeeds in enforcing the agreement, but against the defaulting party whose default necessitates enforcement. As neither party was held in default, neither was entitled to attorney fees.

The award of attorney fees is set aside. The award of costs was proper under section 78–33–10 of the Declaratory Judgment Act and is therefore affirmed. The case is remanded for entry of judgment consistent with this opinion.