**Leon M. WATSON, Plaintiff and Respondent,**

v.

**Michael L. HATCH and L. Chad Wilkinson, Defendants and Appellants.**

**No. 19437.**

Supreme Court of Utah.

Oct. 31, 1986.

Russell J. Gallian, G. Michael Westfall, St. George, for defendants and appellants.

Gary W. Pendleton, St. George, for plaintiff and respondent.

DURHAM, Justice:

Defendants appeal from an order of the Fifth District Court for Washington County allowing plaintiff to specifically enforce an option agreement requiring defendants to purchase plaintiff's interest in a limited partnership. We reverse.

In the fall of 1979, defendants were general partners in "Court Club," a limited partnership organized to construct and operate a racquetball club in St. George, Utah. Defendants contacted plaintiff and solicited his investment in "Court Club" as a limited partner. Plaintiff expressed an interest in investing in the venture, but communicated some concern about the liquidity of the investment. In response to plaintiff's concern, plaintiff and defendants entered into an option agreement. The agreement reads in part: "It is hereby understood and mutually agreed that Michael L. Hatch and L. Chad Wilkinson will purchase from Leon Watson, at his option, his ownership in Court Club Limited at a date to be one year from the formal opening of the Court Club, St. George, Utah."

Court Club was first opened to the public on August 15, 1980; a promotional grand opening was held on October 4, 1980. The trial judge determined that the October 4th grand opening was the "formal" opening anticipated by the option contract. Defendants have not sought review of that determination.

On May 18, 1982, nearly one year and eight months after the formal opening of Court Club, plaintiff notified defendants by letter that he intended to exercise his option. When defendants refused to purchase plaintiff's interest, plaintiff sued and obtained an order specifically enforcing the option contract. The trial judge ruled that the option contract allowed plaintiff a reasonable time after the formal opening during which he could exercise the option. The trial judge further determined that plaintiff's exercise of the option one year and eight months after the formal opening was timely. That result is at odds with the terms of the agreement.

The agreement entered into by plaintiff and defendants states that if plaintiff desired, he could compel defendants to purchase "his ownership interest in Court Club at a date one year from the formal opening of the Court Club, St. George, Utah." Plaintiff contends that this language is ambiguous and that he was entitled to have his interest purchased not "one year from the formal" opening, but at a "reasonable time" after the formal opening. We cannot agree with this assertion. The language of the contract is plain and is not rendered ambiguous by the fact that the parties urge different interpretations of it. *Jones v. Hinkle*, 611 P.2d 733, 735 (Utah 1980); *Land v. Land*, 605 P.2d 1248, 1251 (Utah 1980).

When a contract specifically states the time for its performance, it is plain error to allow it to be performed within a reasonable time. A court may allow a contract to be performed within a reasonable time only when the contract is silent as to the time for its performance. In *Bradford v. Alvey & Sons*, 621 P.2d 1240, 1242 (Utah 1980), we stated: "[W]hen a provision in a contract requires an act to be performed without specifying the time, the law implies that it is to be done within a reasonable time under the circumstances." The contract at issue here is explicit in its time for performance and leaves no room for other interpretations.

Further, this Court has previously had an opportunity to interpret language similar to that in the option contract at issue in the present case. In *Tilton v. Sterling Coal & Coke Co.*, 28 Utah 173, 77 P. 758 (1904), this Court considered an option con-

tract under which the plaintiff had an option to purchase from the defendant water rights "at the expiration of this lease." 28 Utah at 175; 77 P. at 760. Eight days after the expiration of the lease, the plaintiff attempted to exercise the option by tendering to the defendant the purchase price agreed upon in the contract. Counsel for the plaintiff argued that the plaintiff had a reasonable time after the expiration of the lease in which to exercise his option. We rejected that argument, stating: "[W]e think that the proper construction of the lease is that the respondent was thereby granted the right to accept the option at any time during the day on which the lease terminated, but had no right to do so on any day thereafter." *Id.* at 182–83, 77 P. at 761.

Thus, the result reached by the trial judge was contrary to the terms of the contract and existing Utah case law. Reversed.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.