Becky LOWE, Plaintiff and Appellant,

v.

SORENSON RESEARCH CO., INC., a Utah corporation, Defendant and Appellee.

No. 20395.

Supreme Court of Utah.

Aug. 9, 1989.

H. Ralph Klemm, Salt Lake City, for plaintiff and appellant.

W. Robert Wright, Randall N. Skanchy, Salt Lake City, for defendant and appellee.

ZIMMERMAN, Justice:

Becky Lowe appeals from the dismissal of her complaint against Sorenson Research Company, Inc. ("Sorenson"), alleging that Sorenson improperly terminated her and that she was entitled to sue in tort on any of a number of theories for compensatory and punitive damages. We vacate the district court's grant of the motion to dismiss and remand for further proceedings consistent with *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033 (Utah 1989).

Because this is an appeal from the grant of a motion to dismiss under Utah Rule of Civil Procedure 12(b)(6), we will review only the facts alleged in the complaint. In determining whether the trial court properly granted the motion, we accept the factual allegations in the complaint as true and consider them and all reasonable inferences to be drawn therefrom in a light most favorable to the plaintiff. *E.g., Arrow Indus., Inc. v. Zions First Nat'l Bank*, 767 P.2d 935, 936 (Utah 1988); *Penrod v. Nu Creation Creme, Inc.*, 669 P.2d 873, 875 (Utah 1983). We will affirm the dismissal only if it is apparent that as a matter of law, the plaintiff could not recover under the facts alleged. *See Arrow Indus., Inc. v. Zions First Nat'l Bank*, 767 P.2d at 936; *Barrus v. Wilkinson*, 16 Utah 2d 204, 205, 398 P.2d 207, 208 (1965); Utah R.Civ.P. 12(b)(6). Because we are considering only the legal sufficiency of the complaint, we give the trial court's ruling no deference and review it under a correctness standard. *See Atlas Corp. v. Clovis Nat'l Bank*, 737 P.2d 225, 229 (Utah 1987); *Kimball v. Campbell*, 699 P.2d 714, 716 (Utah 1985).

The following facts are alleged in the complaint: Lowe worked as an assembler in Sorenson's manufacturing plant from December of 1980 until she was terminated in February of 1983. Under the terms of her employment, Lowe received full coverage under Sorenson's health and accident insurance policy. In May of 1982, she was seriously injured in an automobile accident unrelated to her employment, and was unable to return to work for about one year. As a result of her injuries, she incurred medical expenses in excess of $200,000, which were paid under Sorenson's health and accident insurance policy. In February of 1983, Sorenson terminated Lowe, ending her insurance benefits. Since her termination, Lowe has incurred medical expenses of $70,000 and faces further surgery at an estimated cost of $100,000.

Lowe pleaded three claims, all in tort: (i) breach of implied covenants of good faith and fair dealing that attached to her employment contract; (ii) violation of Sorenson's employment policies and procedures contained in a policy manual; and (iii) viola-

tion of the public policy of Utah as expressed in section 34–20–1 of the Code, the Employment Relations and Collective Bargaining Act of Utah. Utah Code Ann. § 34–20–1 (1988). She sought both compensatory and punitive damages.

Sorenson did not file an answer to the complaint but moved to dismiss. Sorenson contended that as a matter of law, Lowe could not recover on any of her theories. Sorenson argued, *inter alia*, that unilateral statements in a policy manual are not binding on an employer in Utah, but even if they are, Lowe has not alleged which specific policies promulgated by Sorenson were contravened by her discharge.

The trial court denied the motion to dismiss without prejudice and allowed the parties 120 days for discovery. Sorenson claims that this period was granted to determine whether a written employment contract existed between the parties. Lowe asserts that the period was granted to determine, among other things, if Sorenson violated its policy manual in terminating Lowe. During this discovery period, Sorenson provided Lowe with her complete employment file, and Lowe deposed Sorenson's personnel manager, production manager, and supervisor. At the conclusion of the 120 days, Sorenson renewed its motion to dismiss. It claimed that discovery had shown no employment contract for a definite period existed between the parties, that Lowe was an at-will employee, and therefore, that there were no facts upon which Lowe could recover. Lowe filed a responsive memorandum asserting that Sorenson's policy manual contained a statement that three written warnings would be given within a twelve-month period before an employee was terminated and that she had not received three warnings. Sorenson filed a reply memorandum, contending that Lowe mischaracterized the deposition testimony; the actual testimony, Sorenson asserted, showed that Lowe's termination was in accordance with Sorenson's procedures for terminating an employee absent without leave. The court granted Sorenson's motion to dismiss on the basis of the memoranda, indicating only that Lowe had stated no grounds on which relief could be granted.[1]

---

1. Failure to state the reasons for granting a motion when multiple grounds for the motion are advanced is now improper. Utah R.Civ.P. 52(a). At the time of this case, however, this rule did not contain its present language directed to this point. Effective January 1, 1987, rule 52(a) was amended to include the requirement that "[t]he court shall ... issue a brief written statement of the ground for its decision on all motions granted under Rules 12(b), 50(a) and (b), 56, and 59 when the motion is based on more than one ground."

At first blush, it is difficult to determine the basis of the district court's ruling. It might be argued that it treated the motion to dismiss as a motion for summary judgment, pursuant to rule 56. Utah R.Civ.P. 56. If it had done so, it might have found the facts pertaining to the discharge and the policy manual, as set forth in the depositions, to be without dispute and determined that under the terms of the manual, Lowe was properly discharged. However, we conclude that the district court did not base its ruling on any determination that the relevant facts were undisputed or on any construction of the manual; rather, it appears that the court decided that even if Lowe's factual assertions in the complaint were correct, they provided no legal basis for recovery. We are led to this conclusion because the trial judge never unsealed the depositions taken by the parties and deposited with the clerk; therefore, he could not have resolved any of the flatly conflicting assertions in the parties' memoranda regarding what discovery had revealed. *See Thompson v. Ford Motor Co.*, 384 P.2d 109, 109 (Utah 1963). Moreover, the policy manual was never introduced into evidence. The court could only have considered the facts alleged in the complaint, which had to be taken as true for purposes of the motion to dismiss and dismissed the complaint under rule 12(b)(6). We must now determine whether, on the facts alleged in Lowe's complaint, the law may provide any relief.

The district court's dismissal of the complaint occurred before our recent decision of *Berube v. Fashion Centre, Ltd.* In that case, we refused to recognize a variety of wrongful discharge actions sounding in tort. However, we did recognize that although there is a presumption that employment is terminable at will, that presumption can be rebutted. *Berube*, 771 P.2d at 1044 (Durham, J., joined by Stewart, J.), 1051 (Zimmerman, J., concurring in the result); *Caldwell v. Ford, Bacon & Davis Utah, Inc.*, 777 P.2d 483, 485–486 (1989). If the presumption is rebutted, the discharged employee may have a claim for breach of contract if the employer discharged the employee without complying with the terms of the agreement under which the employee worked. *Berube*, 771 P.2d at 1044–46, 1050 (Durham, J., joined by Stewart, J.), 1052–53 (Zimmerman, J., concurring in the result); *Caldwell*, 777 P.2d at 486. Under the factual allegations of the complaint filed in the present case,

Lowe has stated such a claim for breach of contract. She claims generally that her discharge was in violation of the terms of a company manual that prescribed policies and procedures governing the discharge of employees. Construing these allegations in a light most favorable to Lowe, the facts support a claim for contract damages under *Berube*. *See Berube*, 771 P.2d at 1044–46 (Durham, J., joined by Stewart, J.), 1050 (Howe, Assoc. C.J., concurring, joined by Hall, C.J.), 1052–53 (Zimmerman, J., concurring in the result); *Caldwell*, 777 P.2d at 486. Therefore, we vacate the grant of the motion to dismiss and remand for further proceedings.

HALL, C.J., HOWE, Associate C.J., STEWART and DURHAM, JJ., concur.