In the Matter of the ESTATE OF Vida CUSTICK, deceased.

Carolann BASS, Plaintiff and Appellee,

v.

Angela ENGLESATH; and Tina Andrade, Defendants and Appellants.

No. 920040–CA.

Court of Appeals of Utah.

Dec. 4, 1992.

Richard K. Nebeker, Salt Lake City, for defendants and appellants.

Matthew B. Durrant, Salt Lake City, and Steven R. Parry, Idaho Falls, for plaintiff and appellee.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

ORME, Judge:

Appellants challenge the trial court's determination that a holographic will validly revoked the decedent's prior will. We affirm.

## FACTS

The decedent, Vida Custick, by way of a will made in 1976, bequeathed her estate to a pour-over trust to be administered by First Security Bank. The trust agreement directed that the trust estate be divided into four equal shares, with one share for the appellee, the decedent's only child, and one share for each of the decedent's three grandchildren, two of whom are appellants in this action, to be distributed upon reaching their majority.

On or about March 30, 1985, the decedent jotted some notes concerning, among other matters, a visit to the bank and a discussion with her attorney. Other comments appear on the same paper in the form of a numbered list of things to be done. The last lines of handwritten text consist of a sentence by which she appears to revoke her prior will. That sentence contains the date and her full name written in a style she used when signing her name. All of the writing on this single sheet of paper, including the apparent testamentary sentence, are in her own handwriting, albeit in a grammatically confusing style.

Ms. Custick wrote "Void" on the signature line of an unsigned copy of the 1976 will, across her signature on a copy of the 1976 will, and across her original signature on an original of the 1976 trust agreement. Upon her death, all of the voided documents, along with the paper containing the 1985 holographic will, were discovered inside a plastic document holder, tied closed with a pink ribbon. Also found with these documents was an envelope with the words "W. papers in here," written in Ms. Custick's handwriting. All of these papers were discovered in a metal box locked inside a metal cabinet.

Appellee petitioned to set aside an informal probate undertaken by First Security Bank as trustee under the pour-over trust agreement. The trial court granted the relief requested by appellee, ruling that the 1985 holographic will was valid and legally revoked the 1976 will and that Ms. Custick therefore died intestate. The central issues at trial were whether the signature in the 1985 holographic will reflected signatory intent to authenticate the document[1] and whether that document contained the required testamentary intent.

On appeal, appellants contend that as a matter of law the 1985 holographic will should be construed to lack testamentary intent and that the 1976 will and trust

---

1. " 'Signature' includes any name, mark, or sign written with the intent to authenticate any instrument or writing."  Utah Code Ann. § 68-3-12(2)(r) (Supp.1992).

agreement govern the disposition of Ms. Custick's estate. The appellee, on the other hand, argues the 1985 holographic will should be upheld because it revokes a prior will and meets the statutory requirements for a valid holographic will.[2]

## ANALYSIS

■ According to Utah law, "[a] will which does not comply with section 75–2–502 [outlining the requirements of a formal will] is valid as a holographic will, whether or not witnessed, if the signature and the material provisions are in the handwriting of the testator." Utah Code Ann. § 75–2–503 (1978). Furthermore, the definition of a will "includes any ... testamentary instrument which merely ... revokes ... another will." Utah Code Ann. § 75–1–201(48) (1978).

■ In cases where a will is unambiguous and can be accurately interpreted by considering the document within its four corners alone, the interpretation presents a question of law which we review without any particular deference to the trial court. *Burgess v. Poulsen*, 836 P.2d 1386, 1389–90 (Utah App.1992). *See also Estate of Schmidt v. Downs*, 775 P.2d 427, 430 (Utah App.1989). This, however, is not such a case.

The provision in question here is one sentence in a document which contains a list of random comments and reminders and which contains unusual language and incorrect, confusing terminology. *Cf. In re Ingram's Estate*, 6 Utah 2d 149, 307 P.2d 903, 906 (1957) (fact that testamentary provision is a small part of a document does not preclude provision from constituting a will). Read in the context of the entire document but otherwise in isolation, the key provision may mean that the decedent presently revokes her prior will or it may mean that she has in mind to do so at some future time. We therefore conclude that the provision is ambiguous as concerns Ms. Custick's testamentary intent. *See Larson v. Overland Thrift & Loan*, 818 P.2d 1316, 1319 (Utah App.1991) ("Language is ambiguous if the words used ... may be understood to reach two or more plausible meanings."). *See also Faulkner v. Farnsworth*, 665 P.2d 1292, 1293 (Utah 1983) (determination of whether document is ambiguous presents question of law). We thus reject appellants' contention that the key provision can be interpreted as a matter of law,[3] much less their contention that properly construed, the instrument is not a valid testamentary instrument.

In *In re Estate of Erickson*, 806 P.2d 1186 (Utah 1991), the Utah Supreme Court

2. Appellee also argues that we should dismiss appellants' case because they failed to provide a written transcript of the trial proceedings as required by Rule 11(e)(2) of the Utah Rules of Appellate Procedure and because they did not timely file their appeal under Rule 4(a) of the Utah Rules of Appellate Procedure. These arguments are without merit. No transcript is necessary because appellants' sole argument on appeal is that the key document should be construed as a matter of law, making recourse to other evidence unnecessary; the appeal was timely because the court granted, albeit only in one particular, appellants' motion to amend the court's findings.

3. Appellants argue that the trial court did not utilize extrinsic evidence, but instead relied exclusively upon the four corners of the document. Contrary to appellants' assertion, the trial court's findings make clear it based its interpretation of the 1985 holographic will upon extrinsic evidence in the form of substantial documentary and physical evidence. This evidence included the fact that Ms. Custick voided various copies and originals of the 1976 will and trust agreement and that she carefully stored

these documents along with the holographic will in a document holder tied with a pink ribbon in a metal box locked within a metal cabinet. These latter actions are typical of someone who is dealing with a document regarded as important; such lengths are not ordinarily undertaken to preserve a mere list of things to do.

In addition to the documentary evidence, the court also heard testimony at trial. After considering the extrinsic documentary evidence, the court noted in its findings that "having heard the parol evidence offered by the parties at trial, the Court finds none of the parol evidence alters its interpretation of the 1985 will." The appellants mistakenly focus upon this sentence while ignoring the court's explicit reliance on documentary evidence. We therefore disagree with the assertion that the trial court interpreted the 1985 will solely on the basis of a reading of the text within the document's four corners, although it is clear the court found the extrinsic documentary and physical evidence of more help than the oral testimony.

noted that in order to resolve the question of intent when confronted with a possible holographic will, courts typically consider intrinsic evidence, that is the document itself, and extrinsic evidence, in the form of both documentary evidence and the testimony of witnesses. *Id.* at 1189. *See Ingram,* 307 P.2d at 905–06 (trial court correctly relied upon facts outside the document to strengthen its conclusion that the crude documents manifested testamentary intent). These interpretive principles apply in the present case, and the trial court correctly considered intrinsic and extrinsic evidence to evaluate the will.

Among the extrinsic evidence the court considered were the voided documents stored with the 1985 holographic will and the manner in which that will was stored in a locked cabinet and document folder. This extrinsic evidence was dispositive in the view of the trial court. *See* note 3, *supra.*

■ If a court relies on extrinsic evidence, including other documents, to interpret an ambiguous document, its interpretation becomes a factual matter and we "will not disturb the findings unless they are clearly erroneous." *Schmidt,* 775 P.2d

at 430. *See* Utah R.Civ.P. 52(a). Here, the appellant failed to provide this court with a transcript of the trial proceedings. Considering only the documentary and physical evidence primarily relied on by the trial court, however, its findings concerning the decedent's intent are not clearly erroneous.

## CONCLUSION

The sentence claimed by appellee to be a holographic will is ambiguous. The court properly considered extrinsic evidence to interpret the provision. Its findings based on that extrinsic evidence, principally concerning other documents and the careful manner in which the holographic will was stored, are not clearly erroneous. It follows that the judgment appealed from must be affirmed.

BENCH and BILLINGS, JJ., concur.