**RICE, MELBY ENTERPRISES, INC., a Utah corporation, Plaintiff and Appellant,**

v.

**SALT LAKE COUNTY, a body corporate and politic of the State of Utah, Defendant and Respondent.**

No. 17525.

Supreme Court of Utah.

April 23, 1982.

Howe, J., filed an opinion concurring in result.

Thomas J. Klc, Salt Lake City, for plaintiff and appellant.

Ted Cannon, Salt Lake County Atty., Quentin L. R. Alston, Asst. Salt Lake County Atty., Salt Lake City, for defendant and respondent.

**HALL, Chief Justice:**

Plaintiff appeals a summary judgment[1] which dismissed its action for rescission of a land sale contract allegedly induced by defendant's threat of condemnation and promise of development.

Plaintiff owns a health spa facility located in the vicinity of 4700 South Highland Drive in Salt Lake County. In 1970, defendant approached plaintiff about purchasing a tract of land which adjoined the spa property. Plaintiff was allegedly told that the land was to be used in the expansion of the adjacent Big Cottonwood Park and that if the land could not be purchased, it would be condemned for such purpose. Plaintiff agreed to sell the property for $74,940.62 and a contract was entered into on September 20, 1970. The consideration was timely paid according to the terms of the contract, and on February 27, 1973, the property was conveyed by a warranty deed, which was duly recorded.

On October 17, 1980, plaintiff filed its complaint, wherein it sought "reconveyance of the subject real property upon the return of such consideration as has been paid plus interest" or, in the alternative, damages. Following the filing of various pleadings and memoranda, the trial court granted defendant's motion for dismissal. The court concluded as follows:

1. That Plaintiff's Complaint does not state a claim against Defendant upon which relief may be granted.

2. That in filing its Complaint against Defendant, Plaintiff did not comply with the mandatory requirements of Sections 63–30–13, 63–30–14, 63–30–15 and 63–30–19, U.C.A., 1953.

3. That in any event, any claim which Plaintiff could possibly have set forth

---

1. Pursuant to Rule 56, U.R.C.P., summary judgment is proper only if the evidence, depositions, affidavits and all other submissions, when viewed in the light most favorable to the losing party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Jensen v. Mountain States Telephone and Telegraph Co.*, Utah, 611 P.2d 363 (1980).

against Defendant based on the facts alleged and all documents submitted to the Court in support thereof would be barred by the Statute of Limitations, particularly Sections 78–12–23, 78–12–25 and 78–12–26, U.C.A., 1953 as amended.

■ Plaintiff's claim of duress is clearly barred by the running of the statute of limitations. The claim is basically that plaintiff entered into the contract because it realized the futility of refusing to do so, in light of defendant's threat of condemnation.

There is serious question as to whether "threat of condemnation" in the context of the facts presented constitutes duress.[2] Assuming, *arguendo*, that the threat did constitute duress, nevertheless, plaintiff has sat idly by for over ten years without challenging the transaction. The district court held that such tardiness in asserting the claim barred it under the statute of limitations. We agree, and affirm the trial court on the claim of duress.

■ The trial court also held that the claim of misrepresentation was barred by the statute of limitations. Plaintiff claims that until a reasonable time had passed, it could not know whether defendant would perform its promise of developing a park on the property. Without addressing the limitations problem, we hold that this cause must fail for an even more basic reason,[3] to wit, that parol evidence cannot be used to vary the terms of an agreement clear on its face.

■ Plaintiff contends that part of the consideration was that defendant would develop the property as a park. Plaintiff concedes that such development would enhance its own adjacent (spa) property in that plaintiff would then not have to go to the expense of building a jogging track. If such consideration was a part of the contract, it should have been so included in the written document. Plaintiff correctly points out that "the rule forbidding parol evidence to vary the terms of a written agreement applies only to evidence which is offered to prove the meaning of the original contract."[4] In the instant case, plaintiff is attempting to prove that the original contract contemplated conditions not specified in the writing which clearly would change its meaning. Parol evidence may therefore not be admitted to show that defendant "promised" to do anything other than as is stated on the face of the agreement.

■ There is a further reason why plaintiff's claim of misrepresentation (fraud) must fail. There is no allegation whatsoever that at the time the contract was entered into it was the intention of defendant not to perform. The time the promise is made is the crucial time. As was stated in *Hull v. Flinders*:[5]

[T]o render nonperformance fraudulent the intention not to perform must exist when the promise is made, and if the promise is made in good faith when the contract is entered into there is no fraud though the promisor subsequently changes his mind and fails or refuses to perform.

In 1970, defendant clearly intended on developing the property. Even now, defendant asserts that the property will be fully developed as soon as funds are available.[6]

2. In *Fox v. Piercey*, 119 Utah 367, 227 P.2d 763 (1951), this Court held that the act or threat constituting duress must be wrongful. It does not appear to be wrongful for a public entity first to try voluntarily to acquire private property needed for a public purpose, and if this cannot be done, to inform the owner that condemnation proceedings will be instituted. The practical effect of saying that the mere threat of condemnation constitutes duress could conceivably render voidable all voluntary acquisitions by public entities.

3. The Supreme Court affirms the trial court if it can do so on any proper ground even if the trial court assigned an incorrect reason for its ruling. *Allphin Realty, Inc. v. Sine*, Utah, 595 P.2d 860 (1979).

4. *Davis v. Payne and Day, Inc.*, 10 Utah 2d 53, 348 P.2d 337 (1960).

5. 83 Utah 158, 27 P.2d 56 (1933), quoting 12 R.C.L. 262.

6. Defendant contends that the primary reason the property has not yet been fully developed is

Plaintiff's claim of misrepresentation is therefore without substance.

The foregoing being dispositive of both of plaintiff's theories of recovery (duress and misrepresentation), we need not address specific remaining points raised on appeal.[7] The ruling and judgment of the district court are hereby affirmed. No costs awarded.

OAKS and DURHAM, JJ., concur.

STEWART, J., concurs in the result.

HOWE, Justice, concurring in the result:

I concur in the result. I believe the discussion of the parol evidence rule in the majority opinion is unnecessary and I reserve my concurrence therein. The plaintiff did not allege that it was entitled to additional consideration beyond the amount stated in the contract.

In its complaint, the plaintiff made two allegations. First, that it was misled into selling because of threats of condemnation, when in fact the defendant would not have instituted condemnation proceedings. Secondly, that as an inducement for the plaintiff to sell, the defendant represented that it would develop a park on the property which would be advantageous to plaintiff's business; that plaintiff relied on that representation; that a reasonable time has now passed and no park has been developed; and that plaintiff has been damaged by defendant's misrepresentations of its intentions. As correctly pointed out by the majority opinion, there was no allegation that at the time the contract was entered into it was the intention of the defendant not to develop the park. The complaint did not state a cause of action for deceit. There was no allegation of any intent on the part of the defendant to defraud the

lack of funds. At the County Recreation Bond Election on August 13, 1974, completion of the Big Cottonwood Park was one of the specific items sought. The bond was not approved by the voters.

7. Points raised by plaintiff on appeal are as follows: (1) statutory provisions waive governmental immunity and obviate the requirements of notice and undertaking; (2) both duress and

plaintiff. See *Pace v. Parrish*, 122 Utah 141, 247 P.2d 273 (1952).

misrepresentation exist in the case at bar; (3) plaintiff justifiably relied on defendant's promise to develop a park and is entitled to damages arising from that reliance; (4) plaintiff's causes of action extend the statute of limitations; (5) plaintiff's causes of action do not violate the parol evidence rule; and (6) plaintiff's constitutional rights (unlawful taking of property) have been impaired.